Filed Oct. 14, 1886.

---

No. 12,644.

### FORDICE v. SCRIBNER ET AL.

WRITTEN CONTRACT.—*Parol Contradiction of.—Debtor and Creditor.—Release of Indebtedness.—Contemporaneous Parol Agreement.*—Where there is a written contract between creditors and 'their debtor, made in consideration of a transfer by the latter of certain property to a trustee for the former, that the creditors will release and discharge the debtor from his indebtedness to each of them, it can not be limited or contradicted by a creditor by showing a contemporaneous parol agreement with the debtor excepting certain notes from the terms of the written contract.

PROMISSORY NOTE.—*Partnership.—Firm Note for Individual Debt.—Assumption of Payment by Firm.—Pleading.—Matter for Reply.*—Where, in an action upon a promissory note executed in the firm name of a partnership, it is answered by the administrator of one partner that the other partner, a co-defendant, executed the note without the knowledge or consent of the decedent and for an individual debt, the plaintiff, if he relies upon an assumption of the payment of the debt by the firm, must reply the assumption.

PLEADING.—*Reply to Several Paragraphs.—Demurrer.*—A reply which is not good as to all the paragraphs of answer to which it is addressed, is bad on demurrer.

From the Floyd Circuit Court.

*J. H. Stotsenburg,* for appellant.

ZOLLARS, J.—This action by appellant is against Benjamin F. Scribner and the administrator of the estate of Horatio Scribner, deceased.

It is alleged in the complaint, that in 1872 Benjamin F. and Horatio Scribner, by their firm name of Scribner & Son,

executed to H. N. Devol three promissory notes for the aggregate amount of twelve hundred dollars, which after maturity were assigned to appellant.

The fourth paragraph of answer by the administrator is, in substance, that the payee, Devol, in 1877, and before he had assigned the notes, for a valuable consideration, fully and entirely released and discharged Benj. F. Scribner, who was jointly liable upon the notes with Horatio Scribner, the decedent, from all liability upon and on account of the notes, and thereby released the decedent. A copy of the so-called release, which is more a contract for a release, is filed with the answer, as a part of it, and is as follows: "In order to save ourselves the expense and costs of bankruptcy proceedings against Gen. Benj. F. Scribner, and to save him also from the mortification thereof, we authorize him to transfer and set over at once to Salem Town, all the stock of drugs and medicines (except the amount which is allowed by the bankrupt law), who shall proceed to sell such stock at public or private sale, as soon as possible, and divide the net proceeds *pro rata* among us, and we, and each of us, agree, in consideration of such transfer, to fully and completely release and discharge the said Scribner from his said indebtedness to us, and each of us, and to execute formal releases of such indebtedness to him at any time, he paying the expense of such release, if any. We will execute said releases as soon as said transfer is made to said Town."

Devol, the payee of the notes in suit, appellant, and a large number of other creditors of Gen. Scribner signed the foregoing agreement.

Benj. F. Scribner also filed an answer, the first and second paragraphs of which set up the foregoing agreement, and allege that the stock of drugs was turned over to Town as therein provided for, and that he was thereunder and thereby released and discharged from all liability upon the notes in suit.

One paragraph of appellant's reply is to the fourth para-

graph of answer by the administrator and the above mentioned first and second paragraphs of answer by Benj. F. Scribner. That reply is, in substance, that at the time the written agreement was executed, it was orally agreed by and between Devol, the payee, Benj. F. Scribner, and Horatio Scribner, the decedent, that the written agreement or release should not apply to, or affect in any manner, the debt evidenced by the notes in suit, and that in consideration of that agreement Devol signed the agreement or release.

The court below sustained a demurrer to the reply, and that ruling is assigned as error. Before it can be said that the court below erred in that ruling, it must be determined that the reply is sufficient to meet the several paragraphs of answer to which it is directed. *Falmouth, etc., T. P. Co.* v. *Shawhan,* 107 Ind. 47.

It will be observed that the writing signed by Devol, a copy of which is filed with and as a part of the answers, is not a receipt, nor a release simply, from a single party to another with no consideration stated, as was the case in *Scott* v. *Scott,* 105 Ind. 584. The writing is rather a contract for a release, upon the stated consideration that Benj. F. Scribner should turn over his stock of drugs, etc., to Town, to be by him sold, and the proceeds distributed *pro rata* upon the debts due to the signers.

There is also a positive and unconditional agreement on the part of the signers to release and discharge Benj. F. Scribner from his indebtedness to them and each of them. At the time the written agreement was executed, Devol held the notes in suit, executed by Scribner & Son, a firm composed of Benj. F. Scribner and Horatio Scribner, the decedent.

The liability of Benj. F. upon those notes was an indebtedness from him to Devol, and, so far as shown by the answers and reply under consideration, that was the only indebtedness from Benj. F. to him. The plain reading of the writing executed by Devol and the other creditors is, that for the

consideration stated, they would release and discharge Benj. F. from all his indebtedness to them, or either of them.

We are met *in limine* with the question, can it be shown, as against Benj. F., that by a contemporaneous parol agreement, the indebtedness evidenced by those notes was not within the terms of the written agreement? If it can not, the reply is bad, and the demurrer to it was properly sustained.

A general receipt may be explained or contradicted by parol. But if a receipt also embodies a contract, that contract may not be varied or overthrown by parol evidence. Wood's Pr. Ev., pp. 68–72.

And so may a release, executed in the manner, and coming in question as in the case of *Scott* v. *Scott, supra,* be explained by parol. But as we have said, the writing here is not a receipt, nor a release, as in that case. Here, we have a written contract; and to hold the reply good, would be to hold that the terms of that contract may be varied and limited, and, as to Devol, entirely overthrown, by showing a contemporaneous parol agreement, excepting from the terms of the written agreement, the only indebtedness from Benj. F. to him, so far as shown by the pleadings under examination. The written agreement can not be thus varied and contradicted; and especially is this so, as it is an agreement between the debtor and his creditors. *Van Bokkelen* v. *Taylor,* 62 N. Y. 105; *Pierson* v. *Hooker,* 3 Johns. 68; *Acker* v. *Phœnix,* 4 Paige Ch. 305; *Rowe* v. *Thompson,* 15 Abb. Pr. 377; 2 Parsons Cont. 715.

It is alleged in one of the answers by Benj. F., that he turned over to Town the stock of drugs, as in the agreement provided. Having thus turned over the property in accordance with that agreement, he was discharged from all liability upon the notes in suit.

The reply is not good as to all the paragraphs of answer to which it was directed, and hence the demurrer thereto was properly sustained. Such being the case, it is not necessary for us to go into the question as to whether the release of

Benj. F. operated as a release of Horatio, the decedent. There is no brief on the part of appellee, and hence we have not the means of knowing the exact grounds upon which the court below sustained the demurrer to the reply. We must presume in favor of the ruling of the court below, and hence may assume here that the demurrer was sustained, because the reply was not a sufficient reply to all of the paragraphs of the answer to which it was directed.

It is further contended, that appellant's demurrer to the tenth paragraph of the administrator's answer should have been sustained by the court below. That answer is, in substance, that the debt for which the notes were given was the individual debt of Benj. F. Scribner, and that he executed the notes in the firm name without authority, and without the knowledge or consent of the partner, Horatio, and that Devol took the notes with full knowledge of those facts.

The objection urged to this answer is, that it is not averred therein that the firm had not assumed and agreed to pay the debt, notwithstanding it was the private debt of Benj. F. Scribner.

If, by the averments that Benj. F. executed the notes without authority, and without the knowledge or consent of his partner, it does not sufficiently appear that the firm had not assumed the payment of the debt, yet the answer was not bad. If appellant relied upon such an assumption, he should have brought it forward by a reply.

It is also contended that the debt is shown by the evidence to have accrued after the release was executed. That the notes were executed and delivered in 1872, some five years before the release was executed, is beyond question. Devol testified that while he held the notes Benj. F. conveyed to him a tract of land sufficient in value to have paid the notes, but that it was taken from him upon an outstanding mortgage after the execution of the release. His theory is, that after the conveyance to him, and until the foreclosure of the mortgage, he held the notes as collateral security, and that

·after the land was taken from him upon the mortgage, the notes again became a debt in the full sense.

It is sufficient to say that the release was complete and full, and discharged Benj. F. from all liability upon the notes, whether held as collateral security or otherwise by Devol, and that the land transaction did not change the matter. It clearly did not create a new debt subsequent to the release.

Finding no error for which the judgment should be reversed, ·it is affirmed, with costs.

HOWK, J., did not participate in the decision of this case. Filed Oct. 28, 1886.