THE SINGER MANUFACTURING COMPANY v. SULTS.

[No. 2204. Filed May 26, 1897.]

EVIDENCE.—*Parol Testimony not Admissible to Vary Written Contract.*—Parol testimony is not admissible to vary the terms of a written contract which is complete in itself and free from ambiguity.

From the Noble Circuit Court. *Reversed.*

*Levi W. Welker,* for appellant.

*Thomas M. Eells,* for appellee.

COMSTOCK, J.—This was an action brought by appellant against the appellee to recover possession of a sewing machine. Appellee answered the complaint by a general denial. Prior to bringing the action, to-wit: on the 17th day of May, 1895, appellant, by written contract, had sold the machine in controversy to appellee, by the terms of which contract the title to the machine was to remain in appellant until it was fully paid for, and upon failure of appellee to pay for the same as provided in said contract, appellant was entitled to its immediate possession. The cause was

submitted to the court for trial, and the court found that the machine was the property of appellee, and that she was entitled to the possession thereof. Appellant filed a motion for a new trial, which was overruled and excepted to. This ruling is assigned as error.

The written contract entered into between appellant and appellee for the sale and purchase of the machine was read in evidence. Appellee admitted that she had made but one payment, and that she refused to make any further payments. It was also admitted upon the trial that appellant made demand of appellee for the machine before the commencement of the action. Appellee was permitted, over the objection of the appellant, to testify that before the written contract of sale was entered into, it was agreed between appellant and appellee that if appellee would purchase the machine and her husband, who was absent, should be dissatisfied with the purchase, and would not approve of the same, that the appellant would return an old machine it received in part payment for the machine in suit, and the money delivered by appellee to appellant, and take away the machine in controversy. After appellee had testified to this parol agreement, appellant moved to strike out that part of her testimony in regard to any verbal agreement made before or at the time of the making of the written contract upon the ground that the entire agreement was merged in the written contract, and that the evidence would only tend to modify the terms of the written contract. The motion was overruled and appellant excepted. The same objections were made to two other witnesses' testimony stating the conversation that took place at the time of the execution of the written contract between the appellant and appellee.

It is insisted by appellant that this ruling is erroneous; the contract is full in its terms, and free from ambiguity.

In *Hostetter* v. *Auman*, 119 Ind. 7, the court says: "If there is one question better settled than another by numerous decisions of this court, that question is, that when a written contract is executed all previous negotiations and understandings are merged in the writing, and parol evidence cannot be introduced to vary or control its legal effect. The writing which the witness Booker executed to the appellant evidenced a sale of one hundred and six oak trees on a certain tract of land, by the said witness to the appellant; it stated the consideration and its payment. It was not competent to prove by the witness his understanding of the legal effect of the writing, whether he understood it to be a receipt or a contract, nor to whom he supposed he was selling the timber; nor was it competent to prove by the appellee, either to contradict the writing or to control its legal effect, former negotiations which he had had with the appellant or with Booker." See, also, *Diven* v. *Johnson*, 117 Ind. 512, 3 L. R. A. 308; *Fordice* v. *Scribner*, 108 Ind. 85, and authorities there cited.

Where a contract is complete, it cannot be explained, modified or changed by inserting any conditions by parol. *Brunson* v. *Henry*, 140 Ind. 455; *Stevens* v. *Flannagan*, 131 Ind. 122; *The Western Paving and Supply Co.* v. *Citizens Street R. R. Co.*, 128 Ind. 525; *Conant* v. *The National State Bank of Terre Haute*, 121 Ind. 323; *Pickett* v. *Green*, 120 Ind. 584; *Stewart* v. *Babbs*, 120 Ind. 568.

The claim made by appellee that just before the execution of the written contract it was agreed that if her husband should not be satisfied with the contract

and sale, appellant was to return to appellee the old machine and take the new one. This was a promise to be performed at a future time, and when the parties entered into the written contract all such negotiations were merged, although they were wrongfully made with the intention to deceive, and fraud could not be predicated thereon. *Brown* v. *Russell & Co.*, 105 Ind. 46; *Ice* v. *Ball*, 102 Ind. 42; *Burt* v. *Bowles*, 69 Ind. 1.

In *Bethell* v. *Bethell*, 92 Ind. 318, the court says: "It is true a promise to do a thing in the future is not fraud, although there may be no intention of fulfilling the promise; for fraud consists in the misrepresentation of an existing fact."

Appellee testified upon cross-examination that she understood it was by the terms of the written contract that she purchased the machine. The contract was entered into after appellee had been informed that the Singer people could not leave a machine on trial; that if she wished it she would have to make the purchase.

Appellee insists that the ruling of the court was correct, and cites in support thereof Stevens' Digest of Evidence, 105, 108; Abbott's Trial Evidence, 294; 2 Wharton's Evidence, sections 927, 1067, and notes; 1 Greenleaf. Evidence, section 284; *Deering* v. *Thom*, 29 Minn. 120; *Chapin* v. *Dobson*, 78 N. Y. 74; *Welz* v. *Rodius*, 87 Ind. 1; *Singer Mfg. Co.* v. *Forsyth*, 108 Ind. 334.

In *Singer Mfg. Co.* v. *Forsyth*, *supra*, Mitchell, J., speaking for the court, says: "The rule that a formal written contract, which appears to be complete, will be presumed to be the repository of the final intentions of the parties, in regard to the subject-matter of the agreement, and that it excludes proof of any prior or contemporaneous parol stipulations which would contradict the writing, is abundantly settled, and

should not, on account of its importance, be relaxed in any degree."

The learned court quotes from Lord Coke in *Rutland's Case*, 5 Coke's R. 26: "It would be inconvenient, that matters in writing made by advice and on consideration, and which finally import the certain truth of the agreement of the parties should be controlled by averment of the parties to be proved by the uncertain testimony of slippery memory. And it would be dangerous to purchasers and farmers, and all others in such cases, if such nude averments against matter in writing should be admitted."

Proceeding, the learned judge says: "The rule, however, has no application to a case in which it appears from the writing itself that it does not contain the whole agreement between the parties, nor does it operate to exclude proof of collateral or superadded agreements, provided the agreements so sought to be proved be not inconsistent with the writing. In such cases parol evidence of the collateral matter is admissible to the extent that it does not specially add to, or contradict, or where it is necessary to complete, the original contract."

In the case last mentioned, the court held that parol proof was admissible because the bond sued on, failing to state any consideration, was incomplete on its face, and because the irresistible implication arising upon the face of the bond, indicated that it was collateral to some other contract which must be ascertained in order to determine the subject-matter to which it should be applied and the consideration upon which it was made.

We understand the authorities to go to the extent that the existence of any separate oral agreement on which a document is silent and which is not inconsistent with its terms, or where the written instru-

ment itself is incomplete or ambiguous, parol evidence may be introduced to prove such contemporaneous oral agreement. This doctrine, carried to its utmost limits, was applied in *Welz* v. *Rodius, supra,* where the authorities illustrating the rule are collected.

The effect of the rulings of the court below complained of was to permit the admission of oral testimony to vary the terms of a written contract, which was complete in itself and free from ambiguity, and this ruling, in the opinion of the court, was error.

Reversed, with instructions to sustain the motion for a new trial.