## HARDIN v. SWEENEY.

[No. 8,109.    Filed November 20, 1913.]

1. EVIDENCE. — *Parol Evidence.* — *Contracts.* — *Previous Negotiations.*—All previous negotiations and propositions relating to the subject-matter of a written contract are merged in the final agreement, and, in the absence of fraud or mistake, evidence of prior or contemporaneous negotiations tending to contradict or vary its terms is not admissible.    p. 616.

2. EVIDENCE. — *Parol Evidence.* — *Contradicting Lease.* — Where plaintiff, who held a life estate in property with remainder to defendant, executed a lease to defendant, defendant could not avoid a surrender of possession at the end of the term, in compliance with the lease, by showing an oral agreement prior to the lease to surrender plaintiff's life estate to defendant.    p. 617.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Timothy Sweeney against Mary B. Hardin. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bomar Traylor* and *Ely & Ely,* for appellant.
*Richard M. Milburn* and *John E. McFall,* for appellee.

FELT, J.—This suit was brought originally by appellee against appellant, before a justice of the peace of Dubois County, Indiana, for the possession of certain real estate and for damages for the detention thereof.    From a judgment in favor of the plaintiff, the defendant appealed to the Dubois Circuit Court and afterwards, on change of venue, the case was sent to the Pike Circuit Court.    The complaint was in four paragraphs.    No other pleadings were filed and the case was tried on the issues made by the statute.    *Ward* v. *Pittsburgh, etc., R. Co.* (1900), 25 Ind. App. 405, 58 N. E. 264.    The court found for the plaintiff for possession and for $100 damages for the unlawful detention of the real estate.    From the judgment rendered on the finding, in favor of appellee, appellant has appealed to this court and assigned as error the overruling of her motion for a new trial.

The new trial was asked on several statutory grounds, but the only questions presented by the briefs relate to the exclusion of certain evidence offered by appellant and excluded by the court. The undisputed facts show that on May 14, 1904, Miriam E. Sweeney (mother of appellant) and her husband, Timothy Sweeney, by warranty deed, duly executed, conveyed to appellant for a consideration of $2,000 the 80 acres of real estate in controversy, subject to a life estate therein in favor of the grantors and to the survivor of said grantors, and expressly provided in the deed that "The grantors reserve the right to lease and rent said real estate to whom they please." That after the death of the said Miriam, the appellee, on September 25, 1909, leased to appellant said real estate for the period of one year from January 1, 1910, by a written instrument duly signed and executed by appellant and appellee; that by the terms of said lease, appellant was to have all the crops raised on said farm up to January 1, 1911, and was given certain furniture and personal property specified in the lease; that the furniture in a certain room in the house on said land was reserved by appellee; that in consideration of the lease aforesaid and the right to the crops for 1909 and 1910, appellant agreed to, and did execute to appellee her promissory note for $120 due on January 1, 1910, and a note for like amount due on or before January 1, 1911, and afterwards paid both of said notes. It was further stipulated in the lease that appellee should have the right to live in the room reserved as aforesaid, "and that the said Mary B. Hardin, shall furnish board for said Timothy Sweeney during the continuance of the contract." Also that "The contract may be renewed from year to year by the parties hereto consenting in writing on this contract." On August 20, 1910, appellee gave appellant written notice to deliver to him possession of said real estate on January 1, 1911, and at the expiration of the lease, demanded possession, which was refused by appellant. At the trial, appellant by several offers, sought to prove that

after the execution of said deed and prior to the execution of said lease, appellee had surrendered his life estate and the possession of said real estate to appellant on condition "that she remain with him and his wife, board and care for them and give them Christian burial, and that the lease was entered into by defendant merely to humor a childish whim of plaintiff." It was not claimed that the lease itself bore evidence that it did not express the whole agreement of the parties; that it was ambiguous; that there was any mistake in its execution, or that the lease had been procured by fraud or deception.

All of the testimony excluded was offered to prove statements made prior to the execution of the lease, which had a tendency to contradict and vary the terms of the lease.

1. It is a general rule that when parties have entered into a written contract, all previous negotiations and propositions relating thereto are merged in the final agreement, and that in the absence of fraud or mistake, evidence of prior, or contemporaneous statements and negotiations, which would tend to contradict or vary the terms of such written agreement will be excluded. *Singer Mfg. Co.* v. *Sults* (1897), 17 Ind. App. 639, 47 N. E. 341; *McCaskey Register Co.* v. *Curfman* (1909), 45 Ind. App. 297, 304, 90 N. E. 323; *Singer Mfg. Co.* v. *Forsyth* (1886), 108 Ind. 334, 337, 9 N. E. 372; *Cole* v. *Gray* (1894), 139 Ind. 396, 407, 38 N. E. 856; *Brunson* v. *Henry* (1894), 140 Ind. 455, 462, 39 N. E. 256; *Smith* v. *McClain* (1896), 146 Ind. 77, 87, 45 N. E. 41; *Ralya* v. *Atkins & Co.* (1901), 157 Ind. 331, 339, 61 N. E. 726. While admitting the general rule above announced, appellant claims the offered evidence was admissible in explanation of the consideration for the deed to her and to show that there was no consideration for the lease.

The consideration for the deed was not an issue in the case. By her offer to prove, appellant claimed that subsequent to its execution, and before the execution of said

lease, appellee had surrendered to her his life estate, reserved by the deed, and sought to substitute an oral agreement to that effect to avoid compliance with the lease. In her brief she says: "The theory of the defense was that plaintiff, long before the execution of the lease, had deeded said eighty acres to the defendant and later surrendered his life estate to her." We have carefully considered all the questions relating to the excluded testimony and conclude that no error was committed in excluding the same, and that on the facts of this case the written instrument must be held to show the contract between the parties, unaided by oral testimony of prior negotiations or agreements.

The contract is complete, definite and clear, and in the absence of mistake, fraud or collateral agreement, must control. The other propositions suggested by counsel have no bearing on the controlling questions in the case. There is no available error shown by the record. Judgment affirmed.

NOTE.—Reported in 103 N. E. 115. See, also, under (1) 17 Cyc. 596; (2) 17 Cyc. 622. As to parol agreement to add to or vary writing, see 56 Am. St. 659. As to supplementing a written contract by proof of a collateral oral agreement, see 2 Ann. Cas. 146, Ann. Cas. 1914 A 454.