WAYNE INTERNATIONAL BUILDING AND LOAN ASSO-
CIATION ET AL. v. BECKNER ET AL.

[No. 23,813.    Filed March 10, 1922.]

1. MORTGAGES.—*Foreclosure.*—*Answer of Payment.*—*Sufficiency.*
—*Merger of Mortgage in Legal Title.*—In an action to fore-
close a mortgage, an answer alleging that, after defendant had
purchased the land involved and executed the mortgage, he
sold the land to another, who assumed and agreed to pay the
mortgage, but such grantee was thereafter induced to convey
to a land company upon an agreement that the company would
hold the land in trust for the plaintiff, and that such convey-
ance was made with the intention of defrauding defendant,
and that by reason of such facts the mortgage merged in the
title to the land, and by reason of such merger the mortgage
indebtedness was fully paid and satisfied, *held* insufficient to
plead payment.    p. 666.

2. MORTGAGES.—*Deeding Lands in Trust for Mortgagee.*—*Effect
on Mortgage as Security.*—Deeding lands to a third person to
be held in trust for the mortgagee, with the express intention
that the title under the mortgage and under the deed shall not
merge, will keep the mortgage alive as security for whatever
debt of the original mortgagor remains unpaid.    p. 666.

3. PLEADING.—*Answer.*—*Fraud.*—*Sufficiency.*—In an action to
foreclose a mortgage, an answer alleging that certain acts
were done with intent to defraud defendant, *held* insufficient
to charge fraud, in the absence of a showing that such acts
were wrongful or unlawful.    p. 666.

4. MORTGAGES.— *Foreclosure.*— *Grantee's Assumption of Mort-
gage.*—*Evidence.*—*Preliminary Contract of Sale.*—The mere
fact that a preliminary contract of sale of land provided that
the grantee should "assume" the mortgage, while the deed of
conveyance evidencing the consummated contract recited only
that the conveyance was "subject to" the mortgage, is insuffi-
cient to prove that the grantee really had assumed and agreed
to pay the mortgage.    p. 669.

5. DEEDS.—*Execution.*—*Merger of Previous Negotiations.*—The
execution of a deed of conveyance merges all previous nego-
tiations with relation to what is to be sold and conveyed.    p. 669.

6. MORTGAGES.—*Conveyance of Mortgaged Lands.*—*Estate Con-
veyed.*—The conveyance of lands subject to a mortgage is
merely the conveyance of an equity in the lands.    p. 670.

7. EVIDENCE.—*Conveyance Subject to Mortgage.*—*Payment of
Mortgage.*—*Parol Evidence.*—*Admissibility.*—In an action to

foreclose a mortgage in which the original mortgagor contended that the mortgage had been paid, the alleged fact that a conveyance of the land involved to one corporation "subject to" the mortgage was in fact full payment of the mortgage and the debt secured thereby, could not be established by parol evidence, where neither fraud nor mistake was shown; the rule admitting parol proof of the real consideration of deed, where it is not contractual, but is merely recited in the deed in general terms, having no application. p. 670.

From Jefferson Circuit Court; *Francis M. Griffith,* Judge.

Action by the Wayne International Building and Loan Association and others against Horace G. Beckner and others. From the judgment rendered, the plaintiff and others appeal. *Reversed.*

*Byron F. Mouser, O. M. Smith, Alonzo R. Feemster* and *P. E. Bear,* for appellants.

*Charles L. Tindall* and *Charles H. Cook,* for appellees.

EWBANK, C. J.—The appellant association brought suit against appellee Beckner and the appellant Home Land and Loan Company, to recover a personal judgment against Beckner on a promissory note given by him to said association for purchase money for certain lands, and to foreclose a mortgage on said lands securing the payment of the note. Issues were formed on answers of denial filed by both defendants and on replies to six paragraphs of special answer by Beckner. Issues were also formed by answers of denial to each of certain paragraphs of a cross-complaint by Beckner against the appellants and the appellee Mendenhall. The court made a special finding of the facts, upon which it stated conclusions of law to the effect that the plaintiff (appellant association) was not entitled to recover anything as against Beckner, and that Beckner was entitled to recover his costs. but that the mortgage

sued on is a valid and subsisting lien on the land described therein, and should be foreclosed as against the appellant Home Land and Loan Company. Judgment was rendered in favor of Beckner for costs, and against the Home Land and Loan Company for the foreclosure of the mortgage for the sum of $9,428.34, and the sale of the mortgaged premises to satisfy the same.

The first question arises upon the demurrer by the appellant association to the third paragraph of the answer of Beckner. This paragraph alleged in

1. substance, that after Beckner had purchased the lands in question and executed the note and mortgage for unpaid purchase money, he sold said lands to Mendenhall, who assumed and agreed to pay the mortgage; that thereafter the owner of the mortgage induced Mendenhall to convey the lands to Home Land and Loan Company, upon an agreement that said company would hold the lands in trust for the plaintiff association; that such conveyance was made and accepted with the intention "of procuring payment of said mortgage and of defrauding this defendant" (Beckner), and that by reason of said facts the mortgage merged in the title of the real estate, and by reason of such merger the mortgage indebtedness was fully paid and satisfied. Deeding the lands to a third person to be held in trust for the mortgagee, with the express intention that the

2, 3. title under the mortgage and under the deed should not merge, would keep the mortgage alive as security for whatever debt of the original mortgagor remained unpaid. *Chase* v. *Van Meter* (1894), 140 Ind. 321, 332, 333; 2 Pomeroy, Eq. Jurisp. (4th ed.) §§788, 789, 793. Payment of the debt was not sufficiently pleaded by the averments of this paragraph. And the averments that certain alleged acts were done with intent to defraud the plaintiff must be disregarded as not sufficiently charging fraud, in the absence of a showing

that such acts were wrongful or unlawful. This paragraph was insufficient.

The fourth paragraph of the answer was the same, in substance, as the third, except that it charged Alonzo B. Feemster to have been the real owner of the mortgage sought to be foreclosed, and alleged that he induced Mendenhall to convey to the Home Land and Loan Company, upon the same understanding on which the third paragraph alleged that the appellant association induced him to convey, and that by reason of said facts the mortgage sued on had merged in the title held by Feemster, and by reason thereof the mortgage had been fully paid and satisfied. The trial court erred in overruling the demurrers to each of these paragraphs of answer.

By other paragraphs of his answer appellee Beckner pleaded: (1) A general denial; (2) payment; (5) that the plaintiff was not the real party in interest; and (6) that Beckner and his wife, after the execution of the note and mortgage sued on, conveyed the mortgaged premises to Mendenhall, who assumed and agreed to pay the mortgage as part of the consideration for such conveyance, and that thereafter the plaintiff association entered into an agreement with Mendenhall that he should convey the mortgaged premises to the Home Land and Loan Company, and such conveyance should constitute and be full payment of the mortgage sued on, and the same should be released, and he should receive $100 from said company, and that in pursuance of such agreement Mendenhall conveyed the mortgaged premises to said company and was paid $100 by it, and that thereby the mortgage sued on was fully paid and satisfied. The reply consisted of a denial, and a special plea that at the time the deed from Mendenhall to the Home Land and Loan Company was executed the note secured by the mortgage sued on was held by a certain bank to

which it had been assigned by the appellant association as collateral security for a debt due said bank, and that thereafter such debt to the bank was paid and the note was reassigned and redelivered to the appellant association.

Appellee Beckner also filed a cross-complaint of three paragraphs to the effect that he was only a surety for Mendenhall because the amount of the note and mortgage was retained out of the purchase money to be paid on them at the time Beckner sold the mortgaged premises to him, and that the clause stating that the land was conveyed "subject to" said mortgage was written in the deed from Beckner to Mendenhall by mistake, instead of a provision that the grantee "assumed the payment" of said mortgage, which was the contract agreed upon by the parties, and that by certain alleged acts of the mortgagee Mendenhall had been released, and thereby Beckner's liability on the note and mortgage had been terminated. The answer to this cross-complaint was a denial. The issues thus joined were tried by the court without a jury. The court made a special finding and rendered judgment, as was stated above. Appellants filed separate motions for a new trial, which were overruled, and each perfected an appeal, and assigned as error the overruling of its motion for a new trial.

The undisputed evidence was that the deed by which Beckner conveyed the mortgaged premises to Mendenhall recited that the conveyance was "subject to one mortgage for $6500.00 payable to A. R. Feemster * * * Also subject to the balance of $500 of a mortgage in the sum of $1300.00 payable to Edwin P. Wilson * * * Also subject to the accrued interest on both of the above mortgages, and the taxes for 1911," and that the deed by which Mendenhall conveyed to the Home Land and Loan Company recited that it was

"subject" to said mortgage for $6,500 with accrued interest, and all taxes. There was also evidence to the effect that when Mendenhall and his wife conveyed the land to said company the wife was told by a person who negotiated the deal that such conveyance would release her and her husband from all obligation under the mortgage, and that if they would make the deed it would free them from the mortgage, and that upon those representations she and her husband made the deed above referred to and accepted $100 in consideration of such conveyance; and that six days before the deed from Beckner to Mendenhall was executed said parties had signed a preliminary contract for the sale of the lands by Beckner to Mendenhall which recited that: "I (Mendenhall) agree to assume a certain mortgage for $6500.00 * * * payable to A. R. Feemster." But neither Beckner nor Mendenhall testified at the trial, and there was no evidence showing or tending to show that when the deed to Mendenhall was written there was any mistake in drawing it, or that the parties intended to make it read otherwise than that the conveyance was "subject to" said mortgage, as in fact it was written.

Obviously the mere fact that the preliminary contract of sale provided that the grantee should "assume" the mortgage, while the deed of conveyance evidencing the consummated contract recited only that the conveyance was "subject to" the mortgage, would not prove that the grantee really had assumed and agreed to pay the mortgage.

The execution of the deed of conveyance merged all previous negotiations with relation to what should be sold and conveyed. *Cole* v. *Gray* (1894), 139 Ind. 396, 38 N. E. 856; *Carr, Admr.,* v. *Hays* (1887), 110 Ind. 408, 11 N. E. 25; *Bever* v. *North* (1886), 107 Ind. 544, 8 N. E. 576; *Phillbrook* v. *Emswiler* (1884), 92 Ind. 590; *Wolcott* v. *Moore*

(1910), 46 Ind. App. 427, 92 N. E. 880; *Essex* v. *Hopkins* (1912), 50 Ind. App. 316, 321, 98 N. E. 307; *Hardin* v. *Sweeney* (1913), 54 Ind. App. 614, 103 N. E. 115.

The conveyance of certain described lands "subject to" a certain mortgage was merely the conveyance of an equity in those lands. A conveyance of the entire title in consideration that the grantee should apply part of the purchase price in payment and discharge of the mortgage would be an entirely different contract. And the rules, which admit parol proof of the real consideration of a deed where it is not contractual but is merely recited in the deed in general terms, have no application.

The alleged fact that a conveyance to one corporation "subject to" a certain mortgage was really full payment to another corporation of such mortgage and of the debt it secured could not be established by parol evidence, where neither fraud nor mistake was shown.

The note and mortgage were read in evidence.

There was evidence that A. R. Feemster was president of the Home Land and Loan Company and secretary of the Wayne International Building and Loan Association, and that he orally proposed to pay Mendenhall $100 for a conveyance of the farm, and asked J. A. Furgason to negotiate on behalf of said association some way to purchase the farm; that Furgason told him Mendenhall was ready to sell it for that consideration, and that Feemster then sent Furgason a check of the Home Land and Loan Company for $25 for his services, and a check of the same company for $100, payable to Mendenhall, with a letter instructing Furgason to make the deed to the Home Land and Loan Company and mail it to him. But there was no evidence that Furgason was a general agent of the Wayne International Building and Loan Association; only that he knew Feemster was secretary of that association and had been

troubled about collecting interest on its mortgage, and that he was employed by Feemster to assist in trying to obtain payment, and by direction of Feemster took the conveyance to the Home Land and Loan Company. Authority on the part of Furgason as agent for the association to agree with Mendenhall on behalf of Beckner that a conveyance of the land to the Home Land and Loan Company should operate as payment of Beckner's debt to the Wayne International Building and Loan Association, could not be inferred from the few facts proved.

The evidence was insufficient to prove any affirmative defense pleaded in the answer, or any cause of action alleged in the cross-complaint. And as the execution of the note and mortgage was admitted by the form of the pleadings, and the default was proved by uncontradicted evidence, the finding that the Wayne International Building and Loan Association should take nothing as against appellee Beckner was not sustained by sufficient evidence.

The judgment is reversed, with directions to sustain the demurrer of plaintiff, the Wayne International Building and Loan Association, to each of the third and fourth paragraphs of the answer of appellee Beckner, and for further proceedings.