The PEOPLE of the State of Colorado, Petitioner-Appellant, In the Interest of T.L.H., Child,

by Next Friend, M.P.H.,

v.

F.P.V., Respondent-Appellee.

No. 84CA0179.

Colorado Court of Appeals, Div. II.

Nov. 15, 1984.

As Modified on Denial of Rehearing Dec. 13, 1984.

Certiorari Denied May 6, 1985.

Robert R. Gallagher, Jr., Dist. Atty., James C. Schumacher, Deputy Dist. Atty., Littleton, for petitioner-appellant.

No appearance for respondent-appellee.

STERNBERG, Judge.

The People appeal the trial court's dismissal of an action for determination of paternity and for support of T.L.H., a child. We affirm.

In April 1983, the People, naming the mother as "next friend," brought this action "in the interest of T.L.H." who was born in May, 1975. The trial court found that under §§ 19–6–107(3) and 19–6–108, C.R.S. (1978 Repl.Vol. 8) the time for bringing this action was three years and thus the action was barred.

Under § 19–6–108, a paternity action brought by or on behalf of the child may be brought at anytime prior to three years after the child's majority. Relying on this statute, the People claim that the state's interest as *parens patriae* is sufficient to give it standing to bring the action on behalf of T.L.H. even though no public assistance payments had been made. Therefore, they argue that the trial court's dismissal was error as a matter of law. We disagree.

■ The statutory scheme is explicit: If a child has no presumed father, an action may be brought by the child, the mother, the personal representative of the child or mother, or the county department of social services if mother or child is a public charge. Section 19–6–107(3). Such an action generally must be brought within three years of the child's birth, unless the action is brought by or on behalf of the child, in which event it may be brought at any time prior to the expiration of three years after the child reaches the age of majority. Section 19–6–108. An action may be brought on behalf of a child by the child's general guardian or guardian ad litem (but not by the child's mother or father, § 19–6–110, C.R.S. (1984 Cum. Supp.)), in the interest of the child, and as a result of the child's incapacity personally to bring the suit. *See Department of Social Services v. D.A.G.,* 199 Colo. 315, 607 P.2d 1004 (1980); § 19–6–110; C.R.C.P. 17(c).

■ We agree with the trial court that where the child is or can be represented by his general guardian, or as here, his guardian ad litem, and where there is no showing of particular or extraordinary interest, the state's general benevolent interest in the welfare of its citizens is insufficient to give it standing beyond that specified in § 19–6–107. The state's power and duty to establish parentage under § 26–13–102, C.R.S. (1982 Repl.Vol. 11) of the Colorado Child Support Enforcement Act, and the duty of a court to assure the protection of a child's property rights under C.R.C.P. 17(c), are both subject to the narrower delineation of standing specified in §§ 19–6–107, 19–6–110 and C.R.C.P. 17(c). *See* § 2–4–205, C.R.S. We therefore affirm the trial court's dismissal of the action with prejudice as to the People, but without prejudice as to the child and his general guardian or guardian ad litem.

■ The People's contention that § 19–6–108 denies children whose parentage has not been established equal protection of the law is also without merit.

The constitutionally protected interest is the child's, and although the statute of limitations bars an action brought by the mother or the state after three years, it does *not* bar an action by or on behalf of the child. Section 19–6–108. This continuing right of the child to bring an action distinguishes it from those statutes found

unconstitutional as violative of equal protection. *See, e.g., Pickett v. Brown,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983); *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982).

Here, the Social Services Department, the People, or any other interested person is free to request the appointment of a guardian ad litem for the minor child; and the child, or the guardian on behalf of the child, can bring the action even though three years has expired from the date of the child's birth. *Department of Social Services v. D.A.G., supra.*

Judgment affirmed.

SMITH and KELLY, JJ., concur.