**FIRST SAVINGS AND LOAN ASSOCIA-TION OF CENTRAL INDIANA,**
Plaintiff-Appellant,

v.

Carol C. TREASTER, Wince Covher, Pearl Covher, James F. Pesicka, Kon Pesicka, Greenfield Banking Company, Carpenter Better Homes and Gardens, John Wolfe, and Lawrence M. Lunn, Defendants-Appellees.

No. 1–285A47.

Court of Appeals of Indiana,
First District.

April 7, 1986.

James E. Freeman, Jr., Jonathan R. Builta, Sansberry, Dickmann, Freeman & Builta, Anderson, for plaintiff-appellant.

Ronald R. Pritzke, Briane M. House, Lineback, Lewis, Pritzke & Davis, Greenfield, for defendants-appellees.

## STATEMENT OF THE CASE

RATLIFF, Judge.

First Savings and Loan Association of Central Indiana appeals the trial court's denial of its motion for summary judgment and the granting of summary judgment in favor of Carol C. Treaster, et al. upon its determination that a clause contained in the mortgage executed between the two parties was an assumption clause which was not violated. We affirm.

### FACTS

On December 14, 1976, Carol C. Treaster (Treaster), along with her parents Wince and Pearl Covher (the Covhers), executed a promissory note and real estate mortgage in favor of First Savings and Loan of Central Indiana (First Savings) to purchase a home for Treaster. The note and mortgage were signed to secure a loan of $29,-700.00. The mortgage agreement, prepared by one of First Savings' attorneys, contained a clause which provided:

"This mortgage is executed by the mortgagor and accepted by the mortgagee with the understanding that, in the event of a sales or transfer of the real estate covered by this mortgage, the purchaser or transferee shall not assume this mortgage unless such mortgage shall become immediately due and payable in its entirety forthwith.

"This condition shall not apply so long as the hereinabove named mortgagor shall retain title and the essentials of ownership, nor shall it apply in the event of the death of the mortgagor, nor in case of the change of legal entity as the result of an ordinary business reorganization."

Record at 14. The Covhers executed a quitclaim deed giving their interest to Treaster on June 6, 1980. On April 7, 1981, Treaster listed the premises for sale with Century 21 Accent Realty.

On September 4, 1981, Treaster entered into three agreements with James and Kon Pesicka (the Pesickas) consisting of a residential lease, real estate mortgage, and purchase agreement for the premises. The lease was to run for three years from September 4, 1981, with a security payment of $5,000.00. The lease required Treaster to give the Pesickas a mortgage to secure repayment of the security payment. The lease further provided for rental payments, commencing October 1, 1981, of $525.00 per month and provided Treaster with the

right to retake the premises should the Pesickas fall behind in their rent payments. In addition, the Pesickas were required to pay the taxes and insurance and make any necessary repairs not covered by the insurance. The purchase agreement obligated the Pesickas to purchase the premises for $57,000.00, on or before September 4, 1983, with the warranty deed held in escrow until closing.

Upon learning of these agreements, First Savings brought suit alleging the lease/purchase agreement constituted a sale and that the parties were attempting to circumvent what First Savings asserted was a due on sale clause found in First Savings' mortgage. First Savings, therefore, sought recovery on the promissory note and foreclosure of the real estate mortgage as well as a declaratory judgment that due on sales clauses are valid in Indiana. Cross motions for summary judgment were filed, and on November 6, 1984, the trial court ruled in favor of Treaster. The court found that the quitclaim deed from the Covhers to Treaster and execution by Treaster of the lease/purchase agreement and mortgage on September 4, 1981, did not constitute a sale or transfer of the mortgaged real estate, an assumption of the mortgage or a relinquishment of title or the essentials of ownership within the meaning of the note and mortgage executed by Treaster and First Savings and, therefore, did not constitute default. Holding that the terms of First Savings note and mortgage called for payment in full only upon sale or transfer wherein the purchaser assumed the mortgage, the court found First Savings was not entitled to declare the note immediately due or seek foreclosure. Thereafter, First Savings perfected this appeal.

## ISSUES

There are essentially three issues argued on appeal:

1. Whether the trial court erred in finding that the clause contained in First Savings' real estate mortgage was a due on assumption clause and not a general due on sale clause.

2. Whether the transaction between Treaster and the Pesickas was a sale.

3. Whether the trial court erred in granting Treasters' motion for summary judgment. However, our resolution of one of these issues is dispositive of this appeal.

## DISCUSSION AND DECISION

■■■ Before considering the key issue of this appeal, we note the standard of review, on appeal, applicable in a summary judgment is the same one used in the trial court. A motion for summary judgment may be sustained only where the pleadings and other matters filed with the court reveal no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C); *Kidd v. Davis* (1985), Ind.App., 485 N.E.2d 156; *Wingenroth v. American States Insurance* (1983), Ind.App., 455 N.E.2d 968; *English Coal Co., Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, *trans. denied;* *First Federal Savings and Loan Ass'n. of Gary v. Arena* (1980), Ind.App., 406 N.E.2d 1279. In determining whether a genuine issue of material fact exists, the facts set forth by the opponent must be taken as true, and all doubts are resolved against the proponent of the motion. *First Federal,* at 1282. With this standard in mind, we turn to the central issue in this dispute.

■■■ Generally, the intent of the parties is the controlling factor in determining what their agreement actually was. *Peoples Federal Saving's and Loan Ass'n. of East Chicago v. Willsey* (1984), Ind.App., 466 N.E.2d 470, 472. Where a written contract is involved, the court will determine this intent as disclosed by the language used to express their rights and duties. *Ethyl Corp. v. Forcum-Lannom Associates, Inc.* (1982), Ind.App., 433 N.E.2d 1214, 1217, *trans. denied; Rieth-Riley Constr. Co., Inc. v. Auto-Owners Mutual Insurance Co.* (1980), Ind.App., 408 N.E.2d 640, 645, *trans. denied.* In the absence of ambiguity, it is not within the function of the

court to look outside the instrument to arrive at the parties' intent. Hence, Indiana applies the "four corners" doctrine in construing written instruments. *Ethyl*, at 1217. This doctrine provides that in construing written instruments, the express language found within the four corners of the instrument, if unambiguous, determines the intent of the parties such that parol or extrinsic evidence is inadmissible to expand, vary, or explain the instrument absent any showing of a defect in the formation of the contract. *Ethyl*, at 1217. Moreover, where the ambiguity in the contract arises by reason of the language used and not because of extrinsic facts, the construction of the contract is a question of law for the court. *First Federal*, at 1284. In addition, Indiana strictly construes a contract against the party who employed the language and prepared the contract. *Colonial Discount Corp. v. Berkhardt* (1982), Ind.App., 435 N.E.2d 65, 66–67; *Rieth*, at 645. Thus, whenever summary judgment is granted based upon the construction of a contract, the trial court has determined as a matter of law that the contract in question is not so ambiguous that resort must be made to extrinsic evidence in order to ascertain the contract's meaning. *First Federal*, at 1284.

First Savings' argument rests on its assertion that the clause at issue was a due on sale clause which was violated by Treaster's lease/purchase agreement. However, First Savings misinterprets its own contract. The clause at issue states that "in the event of a sales or transfer of the real estate covered by this mortgage, the purchaser or transferee shall not *assume* this mortgage unless such mortgage shall become immediately due and payable in its entirety forthwith." (Emphasis added.) Hence, the clause involved here is an assumption clause. Therefore, the mortgage becomes due only if the purchaser agrees to assume the mortgage as part of the transfer. The rules applicable to construction of contracts generally apply to the construction of an agreement whereby a purchaser of mortgaged premises assumes the payment of the mortgage.

*First Federal*, at 1284. The Pesickas did not agree to assume the mortgage as part of their lease/purchase agreement with Treaster nor will we read more into the lease/purchase agreement than the parties expressed by their writings. *See Wayne Int'l Building & Loan Ass'n v. Beckner* (1922), 191 Ind. 664, 134 N.E. 273 (evidence is required to prove a mortgage is assumed as part of an agreement).

First Savings asserts, however, that the lease/purchase agreement amounted to an actual sale of the premises. First Savings advances this argument by repeatedly relying on the analogy that despite what the lease/purchase agreement is called:

"1) if it walks like a duck,

2) acts like a duck

3) quacks like a duck,

4) the instrument is a duck that violates First Savings due-on-sale mortgage clause[.]"

Appellant's Brief at 2, 11, 22, 23, 29. First Savings' assertion is irrelevant. In fact, to answer this assertion is to reiterate, in part, our discussion above. First Savings says Treaster would elevate form over substance. However, the substance in this case is First Savings' form. As previously noted, we must strictly construe a written agreement against the party that employed the language used and prepared the agreement. In addition, we believe "due on sale" provisions must be strictly construed because such provisions amount to restraints on alienation which are not favored by the law. *See Moore v. Harvey* (1980), Ind.App., 406 N.E.2d 354, 358 ("[b]ecause strong policy considerations exist against the restraint of property, the intention to deprive oneself of the right to freely dispose of his or her property must be clear.") Thus, we will not extend or enlarge by implication the effect of such provisions but will limit them strictly to the language employed.

First Savings prepared the mortgage agreement between itself and Treaster and there is nothing ambiguous about their agreement. Instead, it is a clear ex-

pression of the parties' intention that the mortgage should become due and payable if Treaster sold the property to a party who agreed to assume the mortgage. That is not the case here and, therefore, First Savings can not now be heard to complain that their intentions were different. Moreover, the clause in First Savings' agreement with Treaster goes on to state "[t]his condition shall not apply so long as the hereinabove named mortgagor shall retain title and the essentials of ownership...." As part of the lease/purchase agreement with the Pesickas Treaster placed the title to the premises in escrow and retained various rights evidencing her continuing ownership of the premises. Clearly, a sale of the premises did not take place as of the time the lease/purchase agreement was entered into. Consequently, even if the Pesickas had agreed to assume the mortgage it would not have become due until such time as ownership in the premises actually passed to them. The trial court did not err in determining that the clause in question in the mortgage agreement between First Savings and Treaster was an assumption clause which was not violated by Treaster's lease/purchase agreement with the Pesickas. There being no issues of material fact and the case law being in favor of Treaster, the trial court was correct in denying First Savings' motion for summary judgment and granting summary judgment in favor of Treaster.

We therefore affirm the judgment of the trial court.

ROBERTSON, P.J., and NEAL, J., concur.