514 N.E.2d 325 (1987)
In the matter of the Paternity of Forest Tracy King.
James K. Miller, Petitioner-Appellant,
v.
DEBORAH TOWNSEND, Respondent-Appellee.
No. 49A02-8704-JV-174.
Court of Appeals of Indiana, First District.
October 26, 1987.
Patricia L. Brown, Grace Jubinsky, Legal Services Organization of Indiana, Inc., Indianapolis, for petitioner-appellant.
John F. White, White & Johnson, Indianapolis, for respondent-appellee.
RATLIFF, Chief Judge.

STATEMENT OF THE CASE
James K. Miller appeals the trial court's grant of summary judgment which held that Miller's paternity suit was barred by *326 the paternity statute of limitations found in Indiana Code section 31-6-6.1-6. We affirm.

FACTS
James K. Miller (James) and Deborah Townsend (Deborah) met and began living together in North Carolina in the fall of 1972. The relationship produced a child, Forest Tracy King (Forest), who was born on July 11, 1975. Subsequently, James and Deborah's relationship ended. In May of 1976, Deborah and Forest moved to Indiana. However, Deborah and James corresponded by letters. Deborah married a Mr. King who acknowledged James's relationship to Forest and allowed James to visit with Forest. In 1979, Forest lived with James in West Virginia for two months.
In 1980, Deborah's marriage to King ended, and she married a Mr. Townsend. In June of 1980, Townsend prohibited James from visiting with Forest. Although James had not seen or talked with Forest since June of 1980, he sent her gifts in 1980, 1981, and 1983. In January of 1986, James returned to Indiana to locate and visit with Forest. Although James located Deborah and Forest, he was not permitted to visit with Forest.
On July 1, 1986, James filed suit to establish the paternity of Forest. On September 25, 1987, Deborah filed a motion for summary judgment. A hearing was held on Deborah's motion on November 6, 1986. On January 20, 1987, the trial court entered an order which granted Deborah's motion for summary judgment. The court held that James's paternity suit was barred by the statute of limitations provided for in Indiana Code section 31-6-6.1-6. James appeals this grant of summary judgment.

ISSUES
James presents two (2) issues for review:
1. Whether the trial court erred in granting summary judgment and holding that the paternity suit was barred by Indiana Code section 31-6-6.1-6.
2. Whether Indiana Code section 31-6-6.1-6 violates the equal protection guarantees of the United States and Indiana Constitutions.

DISCUSSION AND DECISION

Issue One
The standard of review for the grant or denial of summary judgment is well established. Brenneman Mechanical and Electrical, Inc. v. First National Bank of Logansport (1986), Ind. App., 495 N.E.2d 233, 240, trans. denied; First Savings and Loan Ass'n of Central Indiana v. Treaster (1986), Ind. App., 490 N.E.2d 1149, 1151, trans. denied; In re the Marriage of Moser (1984), Ind. App., 469 N.E.2d 762, 765. Summary judgment should be granted only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Brenneman, at 240; Treaster, at 1151; Marriage of Moser, at 765. The movant must prove the propriety of summary judgment. Kidd v. Davis (1985), Ind. App., 485 N.E.2d 156, 158; Marriage of Moser, at 765. The court must view the facts and resolve all doubts in favor of the non-movant. Treaster, at 1151; Kidd, at 158.
In the present case, the trial court dismissed the suit as barred by the statute of limitations. Indiana Code section 31-6-6.1-6 provides for the limitation periods in paternity actions, as follows:
"(a) Except for an action filed by the state department of public welfare or the county department of public welfare under subsection (c), the mother, a man alleging to be the child's father, the state department of public welfare, or the county department of public welfare must file an action within two (2) years after the child is born, unless:
(1) Both the mother and the alleged father waive the limitation on actions and file jointly;
(2) Support has been furnished by the alleged father or by a person acting on his behalf, either voluntarily, or under an agreement with:
(A) The mother;

*327 (B) A person acting on the mother's behalf; or
(C) A person acting on the child's behalf;
(3) The mother, the state department of public welfare, or the county department of public welfare files a petition after the alleged father has acknowledged in writing that he is the child's biological father;
(4) The alleged father files a petition after the mother has acknowledged in writing that he is the child's biological father;
(5) The petitioner was incompetent at the time the child was born; or
(6) A responding party cannot be served with summons during the two-year period.
A petition must be filed within two [2] years after any of the above conditions ceases to exist.
"(b) The child may file a petition at any time before he reaches twenty [20] years of age. If the child is incompetent on his eighteenth birthday, he may file a petition within two [2] years after he becomes competent.
"(c) If public assistance has been furnished for the child by the state department of public welfare and an assignment of support rights under Title IV-D of the federal Social Security Act (42 U.S.C. § 651 et seq.) has been executed on behalf of the child, an action may be filed by the state department of public welfare or the county department of public welfare before the child's fifth birthday.
"(d) Notwithstanding any other provision of this section, an action must be filed during the lifetime of the alleged father, or within five [5] months after his death.
"(e) An action not otherwise barred is not barred by the death or stillbirth of the child or by the death of the mother."
James argues that the trial court improperly granted summary judgment under this statute. James relies on Farmer v. Minor (1986), Ind. App., 495 N.E.2d 553, trans. denied, to argue that the action was timely because he filed within two (2) years after he located Deborah and Forest. James's reliance on Farmer is misplaced, and his action was not filed timely.
In Farmer, Minor (the mother) filed a paternity suit on February 27, 1985, exactly six (6) months before the child turned ten (10) years old. Id. at 555. Farmer (the father) argued that suit was time barred because Minor did not file suit before the child was two (2) years old. Id. Farmer also argued that suit was barred under the conditions section because a seven (7) year lapse occurred between the times he paid support. Id. The court held, however, that suit was not barred. Id. at 556. The court reasoned that the lapse was irrelevant. Id. at 555. The court determined that the plain meaning and reading of the statute's condition only requires the petitioner to show that suit was filed within two years after support was voluntarily furnished by the alleged father, regardless of a previous discontinuation of support. Id.
Unlike Farmer, in the present case no evidence exists to establish that James furnished support. Thus, resolution of this case depends upon condition number six (6) and not condition number (2). James argues, however, that the court should give condition number six (6) the same interpretation as condition number two (2). Such an interpretation would contravene the rule which requires the court to give the provisions of a statute their plain and ordinary meaning when the language is clear and unambiguous. Id.; State ex rel. Katherine Hamilton Mental Health Center, Inc. v. Clay County (1985), Ind. App., 474 N.E.2d 127, 130, trans. denied. The statute in the present case is clear and unambiguous. An action must be filed "within two (2) years after the child is born: unless ... (6) A responding party cannot be served with summons during the two-year period." The "two-year period" mentioned in section six (6) refers to the child's first two (2) years of life. Thus, unless the condition arises during the child's first two-years the condition is inapplicable.
The uncontradicted evidence shows that condition six (6) did not arise within Forest's *328 first two-years of life and continue until two years before James filed suit. The evidence shows that Deborah lived in Indiana and could have been served since 1976. Furthermore, James admits that he maintained his relationship with Forest and kept in contact with Deborah and Forest up until mid-1980. Thus, although condition six (6) would have been applicable during Forest's first year, as soon as Deborah and Forest moved to Indiana, the condition ended and James had to file suit within the next two (2) years.
The only evidence James presents to show his inability to serve Deborah involves his inability to locate Deborah and Forest between 1980 and 1986. This evidence does not alter or extend the time period which James had to file suit under condition six (6). The inability to serve must arise before the child is two years old and suit must be filed within two (2) years after the condition ceases to exist. A lapse in the condition's existence cannot extend the time for filing. Therefore, James did not comply with the time limitations of Ind. Code § 31-6-6.1-6(a)(6), and the trial court properly granted summary judgment.

Issue Two
James next argues that the differing periods of limitations for the state, father, mother, and child under Ind. Code § 31-6-6.1-6 violate the guarantees of equal protection found in the United States and Indiana Constitutions. The guarantees provided for in the equal protection clauses of the United States and Indiana Constitutions are identical, and are tested by the same standards of review. Sunshine Promotions, Inc. v. Ridlen (1985), Ind. App., 483 N.E.2d 761, 765 n. 9, trans. denied; Sobieralski v. City of South Bend (1985), Ind. App., 479 N.E.2d 98, 100, trans. denied; Championship Wrestling v. State Boxing Commission (1985), Ind. App., 477 N.E.2d 302, 304 n. 1, trans. denied. Three standards of review are used in equal protection analysis. City of Cleburne v. Cleburne Living Center (1985), 473 U.S. 432, 439-42, 105 S.Ct. 3249, 3254-55, 87 L.Ed.2d 313, 320-21; Deibler v. City of Rehoboth Beach (3rd Cir.1986), 790 F.2d 328, 333; Black v. Ball Janitorial Service, Inc. (1986), Okla., 730 P.2d 510, 513 n. 8; Commonwealth v. Bell (1986), 512 Pa. 334, 344-46, 516 A.2d 1172, 1177-78. First, when a classification infringes "fundamental rights" or involves a "suspect class", then a strict scrutiny standard is used. City of Cleburne, 473 U.S. at 439-42, 105 S.Ct. at 3254-55, 87 L.Ed.2d at 320-21; Deibler, at 333; Sobieralski, at 100. Second, when a classification infringes "quasi-fundamental rights" (e.g., right to education) or involves a "quasi-suspect class" (e.g., illegitimate children), then an intermediate scrutiny standard applies. City of Cleburne, 473 U.S. at 439-42, 105 S.Ct. at 3254-55, 87 L.Ed.2d at 320-21; Deibler, at 333. Third, all other classifications that do not infringe or involve the foregoing areas are reviewed under the rational basis test. City of Cleburne, 473 U.S. at 439-42, 105 S.Ct. at 3254-55, 87 L.Ed.2d at 320-21; Deibler, at 333; Sobieralski, at 100. Regardless of the standard used, the court presumes that legislation is constitutional. Sunshine Promotions, at 765; Championship Wrestling, at 305. The challenger must establish the statute's invalidity, and all doubts are resolved against the challenger. Sunshine Promotions, at 765; Championship Wrestling, at 305.
In the present case, James's equal protection argument confuses the standard of review that the court will apply in analyzing James's challenge to the paternity statute of limitations. James argues under the intermediate standard of review as set out in Pickett v. Brown (1983), 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372; and Mills v. Habluetzel (1982), 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770. In Pickett and Mills suits were brought on behalf of illegitimate children to determine paternity and to obtain support. Pickett, 462 U.S. at 4, 103 S.Ct. at 2202, 76 L.Ed.2d at 377; Mills, 456 U.S. at 95-96, 102 S.Ct. at 1553, 71 *329 L.Ed.2d at 775-76. Using an intermediate scrutiny standard of review the Supreme Court struck down a two (2) year paternity statute of limitations in Pickett and a one (1) year limitation in Mills. Pickett, 462 U.S. at 18, 103 S.Ct. at 2209, 76 L.Ed.2d at 386; Mills, 456 U.S. at 100, 102 S.Ct. at 1555, 71 L.Ed.2d at 778. These statutes unconstitutionally denied illegitimate children the right to obtain parental support, because legitimate children could obtain support throughout their minority. Pickett, 462 U.S. at 12, 103 S.Ct. at 2206, 76 L.Ed.2d at 382; Mills, 456 U.S. at 100, 102 S.Ct. at 1555, 71 L.Ed.2d at 778.
Although James correctly points out the standard of review the court must use to determine whether an illegitimate child's right to equal protection has been denied by a statute, he fails to recognize that in the present case the court is concerned only with the father's separate right to equal protection. James's confusion and mistake regarding the proper standard of review is similar to the State of Colorado's mistaken equal protection argument found in M.P.H. v. F.P.V. (1984), Colo. App., 701 P.2d 87. In M.P.H., the state brought suit to establish paternity, but suit was dismissed as barred by the paternity statute of limitations. M.P.H., at 88. The statute provided that the child could bring suit any time within three (3) years after the child reaches the age of majority, and that the state and mother had to file suit within three (3) years of the child's birth. Id. The court held that the state lacked standing to bring suit on behalf of the child and since suit was not brought within three (3) years the action was time barred. Id.
The state, in M.P.H., also argued that the paternity statute denied illegitimates equal protection of the law. Id. The court dismissed this claim as meritless. Id. The court stated:
"The constitutionally protected interest is the child's, and although the statute of limitations bars an action brought by the mother or the state after three years, it does not bar an action by or on behalf of the child. Section 19-6-108. This continuing right of the child to bring an action distinguishes it from those statutes found unconstitutional as violative of equal protection. See, e.g., Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983); Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982)."
Id. at 88-89 (emphasis in original). Thus, the court found that the statute did not deny equal protection. Id. at 89.
As in M.P.H., James mistakenly relies on a standard of review found in cases that deal with the denial of an illegitimate child's rights. In those cases the child was denied equal protection because suit could not be filed by the child or on the child's behalf. Under Ind. Code § 31-6-6.1-6, the child is not denied equal protection because suit can be filed by the child up until his twentieth birthday, or, if incompetent on his eighteenth birthday, he may file within two (2) years after he becomes competent. Thus, the Indiana statute does not deny the illegitimate child's right to equal protection.
James also mistakenly applies the intermediate scrutiny standard in arguing that the Indiana statute denies the father's right to equal protection. James suggests that the paternity statute should be examined under the same standard of review regardless of who brings the suit or the classification challenged as unconstitutional, because the child is the ultimate beneficiary of a paternity suit. This court refuses to follow James's suggestion. Although a child may benefit from the father's suit, under the present statute the child's rights are separately protected. The child may still bring suit long after the father's suit is time barred. Thus, only James's equal protection interests are involved.
The classifications in the present statute of limitations do not infringe upon "fundamental rights" or involve "suspect classes". Nor does the statute classify according to sex or illegitimacy. Thus, the classifications are reviewed under the rational basis standard. Under this standard James must establish that the statute's classifications bear no rational relationship to the statute's purposes. James failed to meet this burden. At best James has established his disagreement with the wisdom of the legislature's demarcations. This fails to establish unconstitutionality. The classifications in the paternity statute of limitations are rational. The statute merely recognizes that the mother, father, *330 state and child have divergent interests in determining paternity. Therefore, Ind. Code § 31-6-6.1-6 does not deny James's right to equal protection and the trial court properly granted summary judgment in favor of Deborah.
Affirmed.
ROBERTSON and CONOVER, JJ., concur.