369 N.E.2d 1105 (1977)
B.G.L., Respondent-Appellant,
v.
C.L.S., Petitioner-Appellee.
No. 1-777A152.
Court of Appeals of Indiana, First District.
December 13, 1977.
*1106 John D. Clouse, Evansville, for respondent-appellant.
Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for petitioner-appellee.
LOWDERMILK, Judge.

STATEMENT OF THE CASE
Respondent-appellant B.G.L. appeals from a judgment of the trial court establishing that B.G.L. is the father of a child born to petitioner-appellee C.L.S., and ordering B.G.L. to make certain payments for the support of the child.

STATEMENT OF THE FACTS
C.L.S. brought suit in the trial court pursuant to the provisions of the Children Born Out of Wedlock Act, IC 1971, 31-4-1-1, et seq. (Burns Code Ed.), to have B.G.L. adjudged the father of her child and ordered to fulfill his obligations as the father of her child. After establishing paternity, the trial court ordered B.G.L. to pay $15 per week for the support of the child, commencing the day after date of judgment, and further adjudged "that the defendant is in arrears in the payment of said support in the sum of Six Hundred Dollars ($600.00), but the Court takes the question of how the defendant shall pay said arrearage under advisement... ." B.G.L. does not challenge the adjudication of paternity but raises two issues concerning the order for support payments.

ISSUES
1. Did the trial court err by entering an order for support without hearing evidence as to need therefor?
2. Did the trial court err by awarding support payments to cover a period preceding both the date of judgment establishing paternity and the date of filing of the paternity suit?
We affirm.

Issue One
B.G.L. filed his motion to correct errors and alleged that "[t]he decision of the Court is not supported by sufficient evidence upon all necessary elements of a claim..." In his statement accompanying the motion to correct errors, B.G.L. asserted that there was a total absence of evidence to support the order of child support. "The plaintiff did not introduce any evidence whatever upon the issue of what her support needs were, nor was such evidence adduced in any other fashion or from any other source." B.G.L. argues on appeal that a plaintiff is required to introduce evidence concerning the needs of the child and the ability of a defendant to pay before the trial court can enter an order of support.
The trial court entered judgment pursuant to the provisions of IC 1971, XX-X-X-XX (Burns Supp. 1977):
"... If the verdict or finding be against the defendant, the court shall enter a judgment against him, and made an order which shall make adequate provision for the support of the child, taking into consideration the needs of the child and the ability of the defendant to pay. Such order shall be a continuing one and the court shall have jurisdiction to modify it with respect to the amount of support and the method of payment at any time before the child reaches his emancipation... . The order shall be for the payment of periodical amounts, equal or varying, having due regard to the obligations of the father as provided in sections 2 to 7 [31-4-1-2 - 31-4-1-7] of this chapter. The judgment shall establish the paternity of the child and may also provide for the payment by the father of said child of the necessary expenses incurred *1107 by, or on behalf of, the mother, in the course of the pregnancy, birth of the child, and prosecution of an action to establish paternity of said child, including court costs and reasonable attorneys' fees under such terms and conditions as the court may prescribe ..."
B.G.L. acknowledges the case of Barkey v. Stowell (1947), 117 Ind. App. 162, 168-69, 70 N.E.2d 430, 433-34. In Barkey, appellant argued that the order of support in a paternity action was not sustained by sufficient evidence. The court held that
"... the provisions of the court's findings with respect to the various amounts which the defendant should pay for the support of the child and the manner of making such payments were surplusage and may be disregarded entirely and that reversible error cannot be predicated upon such findings, even if they are not supported by the evidence."
The court explained its holding:
"It is firmly established by the authorities in this state that in proceedings to establish the paternity of a child born out of wedlock, the only ultimate issue involved upon trial of the cause is the question as to the paternity of the child and that the trial proper ends with the finding of the court or jury upon the issue as to whether the defendant is, or is not, the father of such child." (Our emphasis)
B.G.L. contends that a more recent case, Roe v. Doe (1972), 154 Ind. App. 203, 215, 289 N.E.2d 528, 536, suggests that a trial court must hear evidence to support the order of support. In Roe, Judge Buchanan wrote:
"... On the basis of this evidence and the statutory discretion vested in the trial court by [IC 1971, XX-X-X-XX], we are unable to say that the trial court abused its discretion in making awards for support and medical expenses." (Our insert)
B.G.L. further contends that the court on appeal cannot review for abuse of discretion unless the record reflects evidence bearing upon the order of support. He quotes from McFarlan v. Fowler Bank City Trust Co. (1938), 214 Ind. 10, 14, 12 N.E.2d 752, 754:
"... An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom..."
In Roe, the court's review for abuse of discretion involved consideration of the facts and circumstances before the court and the reasonable, probable, and actual deductions to be drawn therefrom. In the case at bar, the trial court heard testimony of B.G.L. and C.L.S. and other persons which revealed facts and circumstances of the situation. The mother of C.L.S. testified that she had experienced difficulty in trying to provide finances for both C.L.S. and the child. B.G.L. testified that he usually worked seven days a week. C.L.S. and B.G.L. testified concerning C.L.S.'s having worked as a housekeeper. Further, the judgment entry dated February 24, 1977, states that the trial court interrogated B.G.L. on the subject before ordering him to pay $15 per week for the support of the child.
The purpose of the act under which this proceeding was brought is to provide legal procedures to enable children born out of wedlock to have proper care, maintenance, education, protection, support, and opportunities identical to those rights and privileges enjoyed by children born in wedlock. IC 1971, 31-4-1-1 (Burns Code Ed.). Accordingly, IC 1971, 31-4-1-2 (Burns Code Ed.) provides:
"... The parents of a child born out of wedlock and not legitimated, hereinafter referred to in this act [31-4-1-1 - XX-X-X-XX] as the `child,' owe the child necessary maintenance, medical care, education, and support, and are liable for the child's funeral expenses. The obligations imposed upon parents to support their legitimate children are hereby imposed upon the parents of children born out of wedlock."
IC 1971, 31-4-1-3 (Burns Code Ed.) explains the delegation of financial responsibility:

*1108 "... The mother may recover from the father a reasonable share of the necessary support and care of the child, including necessary maintenance, medical care, education and the child's funeral expenses in the event of the death of the child."
Because B.G.L. was established to be the father of the child of C.L.S., and because the legislature of the State of Indiana has imposed a duty of child support upon fathers as well as mothers of children born out of wedlock, we hold that the trial court did not err in ordering B.G.L. to make weekly support payments. We would suggest, however, that it would seemingly aid the trial court in the performance of its duty to provide for adequate support of the child, if the trial court were to continue the case for a reasonable time after the determination of paternity and allow the parties to prepare and present evidence specifically on the issue of support.
Although C.L.S. did not introduce evidence specifically defining the needs of the child, the trial court had a duty to enter an order adequate to assure support of the child. When an award of some amount was proper, certainly an award of $15 per week for the support of the child cannot be deemed per se unreasonable, considering the facts and circumstances before the trial court and the reasonable, probable and actual deductions to be drawn therefrom. This court does not find an abuse of judicial discretion. If either party has additional evidence relevant to this issue, (i.e., needs of the child; B.G.L.'s ability to pay), C.L.S. or B.G.L. must come forth with that evidence and petition for modification of the judgment as IC 1971, XX-X-X-XX, supra, provides.[1]

Issue Two
B.G.L. argues that the trial court erred in finding that he owed support payments for a period preceding both the date of judgment establishing paternity and the date C.L.S. filed the suit.
IC 1971, XX-X-X-XX (Burns Code Ed.) provides that "[p]roceedings to enforce the obligation of the father shall not be brought after the lapse of more than two [2] years from the birth of the child... ." C.L.S. brought suit when the child was less than seven weeks old. On date of judgment the child was forty-one weeks old. The trial court ordered payment for the past support equal to forty weeks at $15 per week.
B.G.L. relies principally upon his contention that, at common law, the father of an illegitimate child had no duty to provide for support; since the statute changes the common law rule, it must be strictly construed.
B.G.L. looks only to IC 1971, XX-X-X-XX, supra, in defining the duties imposed upon the father of an illegitimate child. That statute specifically directs reference to IC 1971, 31-4-1-2 through 7.
Section 2 includes this statement: "The obligations imposed upon parents to support their legitimate children are hereby imposed upon the parents of children born out of wedlock." As stated in Denning v. Star Publishing Company (1932), 94 Ind. App. 300, 307-8, 180 N.E. 685, 687:
"The duty of a father to provide for the maintenance of his minor children is a principle of natural law. The obligation of progenitors to support their offspring is universally acknowledged. To discharge this duty is a primal instinct of human nature. The duty is imposed by law at least as early as at the birth of a child and continues thereafter until legally terminated." (Our emphasis)
*1109 Although IC 1971, XX-X-X-XX, supra,[2] may impose a two-year limitation on that duty in some situations, we need not be concerned with that limitation in the case at bar because the child was less than a year old even at time of judgment.
B.G.L. further insists that the legal proceeding is for the benefit of the child; any amounts recovered for the period of time prior to date of judgment would amount to reimbursement for the benefit of the mother rather than for the benefit of the child.
IC 1971, 31-4-1-3, supra, as set out previously in this opinion, specifically provides that "[t]he mother may recover from the father a reasonable share of the necessary support and care of the child... ." When a mother, in the past, has alone shouldered the financial burden of caring for the child even though such responsibility properly is to be shared by both parents of a child born out of wedlock, a mother should not be penalized for so acting. Her expenditures were for the benefit of the child. When the mother is reimbursed, the amounts paid will likely benefit the child by improving the financial situation of the mother and thereby enable her to provide her share of support for the child in the future and to provide better physical surroundings for the child. We conclude that the trial court did not err. Its order of support promotes the purpose of the act: to enable a child born out of wedlock to have those rights and privileges enjoyed by children born in wedlock.
Judgment affirmed.
ROBERTSON, C.J., and BUCHANAN, J. (participating by designation), concur.
NOTES
[1] B.G.L. argues that the trial court's entry of the support order without hearing any specific evidence on the subject constitutes a taking of property without due process of law. Rule 59(B), Ind.Rules of Procedure, requires that "[t]he statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based." We deem this issue waived because it does not appear in his motion to correct errors. TR 59(G).
[2] "... Not more than two [2] years' accrued support furnished prior to the bringing of the action may be recovered from the father or his representatives... ."