Timothy W. FARMER,
Defendant-Appellant,

v.

Janice M. MINOR, Plaintiff-Appellee.

No. 1–1285A319.

Court of Appeals of Indiana,
First District.

July 24, 1986.
Rehearing Denied Aug. 29, 1986.

Ronald Warrum, Evansville, for defendant-appellant.

Katharine Vanost Jones, Evansville, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Timothy Farmer appeals the trial court's paternity order. We affirm in part and remand in part.

## FACTS

Janice Minor is the mother of a child born out of wedlock on August 27, 1975. Farmer is the admitted father of the child. There is evidence in the record showing that Farmer paid some minimal support in 1975 and 1976. Farmer did not pay any support during the years 1977 through 1983. In 1984, Farmer paid approximately $500. In early 1985, he paid about $150 in support. On February 27, 1985, the mother filed a Petition to Establish Paternity. The Juvenile Division of the Vanderburgh Superior Court held that Farmer was the father of the illegitimate child and ordered him to pay $53 per week as child support. In addition, the court found past due child support after credit for all payments in the amount of $12,000.00 but took the matter under advisement.

## ISSUES

Farmer raises four issues, which are subsumed in the following:

1. Whether the trial court erred in holding that the action was not barred by the statute of limitations?

2. Whether the trial court erred in its finding of past due child support?

3. Whether the trial court erred in its award of weekly child support?

## DISCUSSION AND DECISION

*Issue One*

Farmer contends that the mother's paternity suit should have been barred by the statute of limitations. We disagree.

Farmer correctly cites Indiana Code section 31-6-6.1-6 as the controlling legislation but he misinterprets its provisions which follow:

"[T]he mother, ... must file an action within two (2) years after the child is born, unless:

. . . . .

(2) Support has been furnished by the alleged father or by a person acting on his behalf, either voluntarily, or under an agreement with:
(A) The mother;
(B) A person acting on the mother's behalf; or
(C) A person acting on the child's behalf;

. . . . .

A petition must be filed within two [2] years after any of the above conditions ceases to exist."

Farmer asks us to construe Ind.Code § 31–6–6.1–6(a)(2) as a bar to the mother's suit since he stopped paying support in 1975 and did not make any additional payments until 1984. He opines that this seven year lapse extinguished the mother's cause of action. We do not find Farmer's reasoning or authority persuasive.

A plain reading of the statute supports the mother's position. Farmer paid support in the amounts of $500 and $150 in 1984 and 1985 respectively. The mother filed suit in 1985 which is within the two year period as required by Ind.Code § 31–6–6.1–6(a)(2). Farmer's seven year lapse in paying support from 1977 through 1983 is irrelevant. Farmer apparently would have us read the statute as construing his discontinued support in 1975 and subsequent failure to pay support for more than two years as a bar to the mother's suit. However, statutes must be given the ordinary and plain meaning of the words used. *State ex rel. Katherine Hamilton Mental Health Center v. Clay County* (1985), Ind. App., 474 N.E.2d 127, *trans. denied.* " 'If the language used in the statute is clear and unambiguous, the court may not substitute language which it feels the legislature may have intended.' " *State ex rel. Southern Hills Mental Health Center, Inc. v. Dubois County* (1983), Ind.App., 446 N.E.2d 996, 1001, *quoting, Brighton v. Schoffstall* (1980), Ind.App., 401 N.E.2d 84, 86. Upon a plain reading of the statute at issue, we find that the mother of an illegitimate child may file a paternity suit against the alleged father if he paid support within two years prior to the suit, despite his previous discontinuation of support for a period exceeding two years. We find ample Indiana case law to support our interpretation.

In *Sullivan v. O'Sullivan* (1959), 130 Ind. App. 142, 162 N.E.2d 315, our court upheld a mother's paternity suit brought after the child's second birthday. The child was born on April 1, 1950. On January 22, 1955, the alleged father of the child paid the mother about four dollars ($4.00), some of which was used as child support. On October 10, 1955, the mother filed a petition to establish paternity and for the child's support. The trial court established paternity and ordered the father to pay weekly support. On appeal, the father, *inter alia,* alleged that the suit should have been barred by the two year statute of limitations provided by the current statute's predecessor. Our court upheld the trial court. "[T]he undisputed evidence affirmatively shows that this proceeding was brought within two years after the last furnishing of support to the child." *Id.* at 149, 162 N.E.2d at 319.

In *D.E.F. v. E.M.* (1977), 173 Ind.App. 274, 363 N.E.2d 1030, our court again upheld a paternity suit brought more than two years after the child's birth. On September 18, 1970, the child was born. The alleged father paid support until June, 1972. On March 8, 1974, the mother filed suit. Judge Robertson, writing for the court, held that the two year statute of limitations was avoided since less than two years lapsed between the suit and the support payment in 1972. *Id.* at 279, 363 N.E.2d at 1033.

Four years later, our court addressed a case most analogous to the one under consideration. In *H.W.K. v. M.A.G.* (1981), Ind.App., 426 N.E.2d 129, the child was born on September 2, 1974. The mother brought a maternity action on January 30, 1980. There was evidence at trial that during the two year period prior to the suit, the alleged father had paid $40 for support. Judge Shields, writing for the court, held that the action was not barred since the "father had furnished support within two years prior to the date the action was initiated." *Id.* at 135.

█ Generally, the party pleading the statute of limitations has the burden of proving the suit was initiated beyond the statutory time. *D.E.F. v. E.M.,* at 277, 363 N.E.2d at 1032. However, a party who relies on facts in avoidance of the statute of limitations assumes the burden of proving those facts. *Sullivan v. O'Sullivan,* at 148, 162 N.E.2d at 318. We hold that Janice Minor, the mother, has satisfied her burden

of proof. The father of the child paid approximately $650 in support during 1984 through 1985. The mother's paternity action in February of 1985 is therefore within two years after "[s]upport has been furnished by the alleged father ... voluntarily...." Ind.Code § 31–6–6.1–6(a)(2).

*Issue Two*

In Indiana, it is axiomatic that a father has a common law duty to support his legitimate children.[1] As our court stated in *Denning v. Star Publishing Co.* (1932), 94 Ind.App. 300, 307–08, 180 N.E. 685, 687:

"The duty of a father to provide for the maintenance of his minor children is a principle of natural law. The obligation of progenitors to support their offspring is universally acknowledged. To discharge this duty is a primal instinct of human nature. *The duty is imposed by law at least as early as at the birth of a child and continues thereafter until legally terminated.*" (Emphasis added.)

*See also Taylor v. Taylor* (1982), Ind., 436 N.E.2d 56, 59 ("[W]e have long recognized the common law duty and obligation of a father to assist in the support of his minor children.").

This duty to support has been statutorily imposed in Indiana on parents for children born out of wedlock for well over 100 years.[2] 2 R.S. 1852, ch. 3, § 14, p. 488 stated: "If such jury find that the defendant is the father of such [illegitimate] child ... he shall be adjudged the father of such child, *and stand charged with the maintenance and education thereof.*" (Emphasis added.) *See also* 1941 Ind. Acts, ch. 112, § 2 (repealed by Acts 1978, P.L. 136, § 57, effective October 1, 1979).[3] The current statutory duty is imposed at Ind.Code § 31–6–6.1–13.[4] We recently discussed the present statutory framework in *In Re M.D.H.* (1982), Ind.App., 437 N.E.2d 119, *trans. denied.*

"Current statutory provisions relating to support orders for legitimate and illegitimate children are virtually identical. *Compare* Ind.Code § 31–1–11.5–12 *with* Ind.Code § 31–6–6.1–13. *See also Goins v. Lott*, 435 N.E.2d 1002 (Ind.App.1982). Indiana also makes it a criminal offense for a person knowingly or intentionally to fail to provide support to his dependent child, without distinction as to whether that child is legitimate or illegitimate. *See* Ind.Code § 35–46–1–5(a). ... [A] parent's obligation to support his minor child, legitimate or illegitimate, is a basic tenet recognized in this state by statutes that provide civil and criminal sanctions against parents who neglect such duty...." (Footnotes omitted.)

*Id.* at 126–27. Thus, Timothy Minor had a statutory duty to provide support for his daughter who was born out of wedlock.

In Indiana, child support for an illegitimate child in a paternity suit can include prospective payments and past due or back payments. Our court justified a trial

---

1. In contrast to the duties for legitimate children, the father of an illegitimate child had no common law duty to support the child. *Wiggins v. Keizer* (1855), 6 Ind. 252, 258; *Jackson v. Hocke* (1908), 171 Ind. 371, 372, 84 N.E. 830, 831 ("At common law an illegitimate child was considered the 'son of nobody; and sometimes called *filius nullius* (the son of no one), sometimes *filius populi* (the son of the people).' 1 Blackstone's Comm., *459."); 5 I.L.E. *Children Born Out of Wedlock* § 6 (1984); 10 Am.Jur.2d *Bastards* § 68 (1963).

2. The rationale for this shift from common law is mainly equitable. "Visiting condemnation upon the head of an innocent child who is not responsible for his birth is illegal and unjust, as well as an ineffectual way of deterring parents." *S.M.V. v. Littlepage* (1982), Ind.App., 443 N.E.2d 103, 105, *trans. denied.*

3. "The parents of a child born out of wedlock and not legitimated, hereinafter referred to in this act as the 'child,' owe the child necessary maintenance, medical care, education, and support, and are liable for the child's funeral expenses. *The obligations imposed upon parents to support their legitimate children are hereby imposed upon the parents of children born out of wedlock.*" (Emphasis added.)

4. "(a) The court may order either or both parents to pay any reasonable amount for child support...."

court's order for back support in *B.G.L. v. C.L.S.* (1977), 175 Ind.App. 132, 369 N.E.2d 1105:

> "[The father] further insists that the legal proceeding is for the benefit of the child; any amounts recovered for the period of time prior to date of judgment would amount to reimbursement for the benefit of the mother rather than for the benefit of the child.

> "IC 1971, 31–4–1–3, [the predecessor of Indiana Code section 31–6–6.1–13], specifically provides that '[t]he mother may recover from the father a reasonable share of the necessary support and care of the child....' When a mother, in the past, has alone shouldered the financial burden of caring for the child even though such responsibility properly is to be shared by both parents of a child born out of wedlock, a mother should not be penalized for so acting. Her expenditures were for the benefit of the child. When the mother is reimbursed, the amounts paid will likely benefit the child by improving the financial situation of the mother and thereby enable her to provide her share of support for the child in the future and to provide better physical surroundings for the child. We conclude that the trial court did not err. Its order of support promotes the purpose of the act: to enable a child born out of wedlock to have those rights and privileges enjoyed by children born in wedlock."

*Id.* at 138, 369 N.E.2d at 1109. However, the time period for which back support may be granted is not indefinite.

For many years, the Indiana legislature confined back support to a maximum of two years. The Act Concerning Children Born Out of Wedlock, codified at IC 1971, 31–4–1–26 (Burns Code Ed.), 1941 Ind. Acts, ch. 112, § 25, stated that "... Not more than two [2] years' accrued support furnished prior to the bringing of the action may be recovered from the father or his representative." Thus, a trial judge had discretion on whether to order back support because of the statutory word "may". *Cf. B.G.L.*, at 137–38, 369 N.E.2d at 1109. However, the court never could require the father to pay back support for more than two years prior to the petition. This code section was repealed in 1979. 1978 Ind.Acts, P.L. 136, § 57.

October 1, 1979, was the effective date for the newly enacted chapter on paternity. Indiana Code sections 31–6–6–1 to 22, 1978 Ind.Acts, P.L. 136, §§ 1–22. However, prior to the effective date, our legislature replaced it with Indiana Code sections 31–6–6.1–1 to 19, 1979 Ind.Acts, P.L. 277. In contrast to Ind.Code § 31–4–1–26 which provided for a maximum of two years back support, Ind.Code § 31–6–6.1–13 is completely silent as to the permissible time period for back support.[5] Thus, it is not clear

---

**5.** "(a) The court may order either or both parents to pay any reasonable amount for child support after considering all relevant factors, including the following:

(1) The financial resources of the custodial parent;

(2) The standard of living the child would have enjoyed had the parents been married and remained married to each other;

(3) The physical and mental condition of the child and his educational needs; and

(4) The financial resources and needs of the noncustodial parent.

(b) Where appropriate, the support order may include:

(1) Funds for the child's education beyond the twelfth grade, after the court has considered the child's aptitude and ability and the ability of the parents to meet these expenses; and

(2) Special medical, hospital, or dental expenses necessary to serve the best interests of the child.

(c) If the child dies while a support order is in effect, the court may order either or both parents to pay reasonable funeral expenses.

(d) The court may set aside any portion of either parent's property that may be necessary and proper for the support of the child.

(e) The duty to support a child under this chapter ceases when the child reaches his twenty-first birthday unless:

(1) The child is emancipated before his twenty-first birthday in which case the child support, except for educational needs, terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court; or

(2) The child is incapacitated in which case the child support continues during the incapacity or until further order of the court.

how far back a trial court may require back support.

In the case under consideration, the mother argues in her brief that the trial court could order back support for a fifteen year period preceding the paternity order. She cites Indiana Code section 34–1–2–3, *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751, and *Reffeitt v. Reffeitt* (1981), Ind.App., 419 N.E.2d 999, as support for her proposition. Those authorities, however, are not applicable to back support in paternity proceedings. *Pickett* involved a divorce wherein the trial court entered a divorce decree in 1973 which contained a child support order. Five months later, the father ceased paying support. In 1984, the mother filed a petition to collect unpaid support. Judge Conover held that Ind. Code § 34–1–2–3 [6] applied so that the wife's suit for unpaid support was not time barred. *Pickett*, at 755.

*Reffeitt* was also a case concerning a wife's petition for unpaid support pursuant to a divorce decree. Judge Hoffman held that the fifteen year statute of limitations, Ind.Code § 34–1–2–3, applied to child support cases. *Reffeitt*, at 1003. The court held that the fifteen year period started when each payment became due and was unpaid. *Id.*

Both *Pickett* and *Reffeitt* involved suits for unpaid support which was previously ordered by a court. For that reason, they are not applicable where, as here, the claim for back support is not based upon a prior court order. Our supreme court adopted this precise holding in *Kuhn v. Kuhn* (1980), 273 Ind. 67, 402 N.E.2d 989. *Kuhn*, like *Pickett* and *Reffeitt*, was a divorce action with unpaid support. Chief Justice Givan, writing for a unanimous court, held

that the fifteen year statute of limitations applied to court-ordered child support payments. *Kuhn*, at 72, 402 N.E.2d at 992. More importantly to us, however, the court explicitly distinguished *Strawser v. Strawser* (1977), 173 Ind.App. 565, 364 N.E.2d 791.

In *Strawser*, the trial court entered a divorce decree in 1966 but did not order the father to pay child support. The mother filed suit in 1976 for reimbursement of money spent upon the couple's children who were all emancipated in 1973. Judge Lybrook held that "the nature of the sum requested is in effect an allegation of a debt." *Id.* at 567, 364 N.E.2d at 792. Our court then characterized the mother's right to reimbursement as a chose in action which is a personal property interest. *Id.* As such, the court held that the two year statute of limitations contained in Indiana Code section 34–1–2–2(1) [7] was appropriate. *Id.* at 568, 364 N.E.2d at 792. Since the mother's suit was filed more than two years after the children's emancipation, the court held that the action was time barred.

Our supreme court in *Kuhn* carefully distinguished *Strawser*.

"*Strawser* is inapplicable to and distinguishable from the case at bar. There the wife asserted a *common law right to reimbursement based upon the father's legal duty to support his children absent a support decree.* The appellant herein has based her cause of action upon a decree from the [trial court], which *ordered* appellee to make specific payments to her for the support of their children." (Emphasis added.)

*Kuhn*, at 71, 402 N.E.2d at 991. We find this reasoning persuasive. *Strawser* and the case at bar were both based upon the

---

(f) A support order may be modified or revoked upon a showing of a substantial change in circumstances."

**6.** "All actions not limited by any other statute shall be brought within ten [10] years unless the cause of that action arose before September 1, 1982, in which case the action must be brought within fifteen [15] years. In special cases, where a different limitation is prescribed by

statute, the provisions of this section shall not apply."

**7.** "The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:

(1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two [2] years."

father's legal duty to support his children. No support order was in effect in either case. Therefore, Janice Minor's suit against Farmer for back support is governed by Ind.Code § 34-1-2-2. Thus, Minor can sue Farmer for back support only for two years prior to her filing suit for paternity. The trial court erred when it used a five year period.

■ Farmer claims that the trial court erred in its determination of back support since the mother's petition made no specific request for back support. We disagree. The petition included the request that the court "make such provisions for support, care and maintenance of said child as may be just and proper in the premises." Record at 13. This request was sufficient to raise the appropriateness of back support, particularly in light of the father's total support payments of $650 for 1984 through 1985.

■ We note that the trial court did not err in its calculation of back support by multiplying the prospective weekly support order by the number of weeks in the past. *See B.G.L. v. C.L.S.* (1977), 175 Ind.App. 132, 137, 369 N.E.2d 1105, 1108. However, back support cannot exceed an amount equal to two years prior to the filing of the paternity suit. We reserve judgment on the propriety of the trial court's failure to enter an order for back support while taking the matter under advisement pending the father's willingness to help finance the child's higher education if she later chooses to go to college. We do not express an opinion on this issue since neither party raised it on appeal. However, we do agree that a trial court can make an appropriate provision in a support order for higher education funds. Ind.Code § 31-6-6.1-13(b)(1).

*Issue Three*

■ Farmer contends that the trial court erred in its order of child support in the amount of $53 per week. We disagree.

Our court's role in reviewing a child support order in a paternity action is to determine whether the trial court abused its discretion. *Reeves v. State ex rel. Ellis* (1871), 37 Ind. 441, 448; *B.G.L.*, at 136, 369 N.E.2d at 1108. Therefore, we will not reweigh the evidence and substitute our judgment for that of the trial court. At trial, both Farmer and Minor submitted a plethora of evidence concerning the parties' earning capabilities and needs of the child. We find that the trial court did not abuse its discretion in ordering $53 weekly as child support. In addition, the father waived any possible objections to the trial court's usage of "support guidelines" (local rules) by not properly objecting at trial. The only statement which Mr. Farmer's attorney made concerning the propriety of using the guidelines was, "Well *I don't know* that the support guidelines ought to be used...." (Emphasis added.) Record at 100. This cannot be construed as a proper objection. Rather, it was merely an equivocal expression of concern. Also, no reasons were given as to why the guidelines should not be used. Therefore, the amount ordered for child support was not an abuse of discretion.

We affirm the judgment as to all issues except for the trial court's findings on the amount of back support. We remand for further proceedings to recompute the amount of back support in accordance with this opinion. Upon that being done, we affirm in full.

ROBERTSON, P.J., and NEAL, J., concur.