550 N.E.2d 769 (1990)
In the matter of the Paternity of R.B.T.
Benito V. Odulio, Respondent-Appellant,
v.
SHEILA K. MASSIE, Petitioner-Appellee.
No. 53A01-8910CV408.
Court of Appeals of Indiana, First District.
February 26, 1990.
Donald J. Hickman, Burton & Hickman, Bedford, for respondent-appellant.
Thomas J. Belcher, Bloomington, for petitioner-appellee.
RATLIFF, Chief Judge.

STATEMENT OF THE CASE
Benito V. Odulio (Odulio) appeals the trial court's judgment ordering him to pay retroactive child support and to pay current child support of Two Hundred Fifty-five Dollars ($255.00) weekly. We affirm.

*770 FACTS
Sheila K. Massie (Massie), as the mother and next friend of R.B.T. born June 14, 1974, filed an action on July 12, 1988, to establish the paternity of R.B.T. and to require his father to pay child support. Massie asked the trial court to establish support in accordance with the Indiana Child Support Guidelines. Massie also asked the court to award past support for the two (2) year period immediately prior to the filing of the action.
Odulio admitted paternity of R.B.T. and the court entered a Dispositional Order on April 18, 1989, finding Odulio to be R.B.T.'s father. The court ordered Odulio to pay current child support of Two Hundred Fifty-five Dollars ($255.00) per week beginning with April 21, 1989, and awarded past due support in the amount of Fourteen Thousand Four Hundred Dollars ($14,400.00). The retroactive award covered one hundred forty-four (144) weeks immediately prior to the Dispositional Order at the rate of One Hundred Dollars ($100.00) per week. A one hundred four (104) week period prior to the filing of the paternity petition was encompassed by the one hundred forty-four (144) week period.
On May 18, 1989, Odulio filed a motion to correct errors which the trial court denied on June 16, 1989. Odulio then filed this appeal.

ISSUES
1. Whether the trial court erred in awarding child support for a period of two (2) years prior to the date the paternity action was filed.
2. Whether the trial court erred by calculating the amount of current support by using the Indiana Child Support Guidelines.
3. Whether the trial court erred by awarding an excessive amount of current child support.

DISCUSSION AND DECISION

Issue One
Odulio contends the trial court erred in awarding support for one hundred four (104) weeks prior to the filing of the paternity action. Odulio contends IND. CODE § 31-6-6.1-13(g) limits the child support order to the period dating from Massie's filing of the action on July 12, 1988. Odulio contends statutory and case law history supports his view.
For many years the Indiana legislature limited back support to a maximum of two (2) years prior to the filing of a paternity petition. See the Act Concerning Children Born Out of Wedlock, Acts 1941, Ch. 112, sec. 25, p. 310, codified in 1971 at IC XX-X-X-XX (now IC 31-6-6.1-13). The Code section was repealed and a new paternity chapter was made effective October 1, 1979 by Acts 1978, P.L. 136, sec. 57, p. 1286. However, prior to the effective date the new chapter was replaced by IC 31-6-6.1-1 to 19, Acts 1979, P.L. 277, sec. 1-19, pp. 1446-51. The applicable section of the new chapter, IC 31-6-6.1-13, was completely silent as to the permissible time period for back support. In light of this silence, we interpreted the legislature's intent in Farmer v. Minor (1986), Ind. App., 495 N.E.2d 553. We held back support could be paid under IC 31-6-6.1-13 but was limited as a personal property interest by IC 34-1-2-2(1) to a period beginning two years prior to the filing of a paternity petition. Id. at 559.
After our opinion in Farmer, a new statutory provision concerning back support became effective. IC 31-6-6.1-13(g) was made effective September 1, 1986, by Acts 1986, P.L. 175, sec. 3, p. 1788. The subsection provides: "(g) The support order must include the period dating from: (1) the birth of the child; or (2) the filing of the paternity action; whichever event occurs later."
When construing a statute we give words their ordinary significance and commonly accepted meaning unless a different purpose is clearly manifested from the statute itself. Park 100 Development Company v. Indiana Department of State Revenue (1981), Ind., 429 N.E.2d 220, 222. We must view a statute within the context of an entire act, Matter of Middlefork Watershed Conservancy District (1987), Ind. *771 App., 508 N.E.2d 574, 577, and recognize what a statute does not say as well as what it does say. Irmscher v. McCue (1987), Ind. App., 504 N.E.2d 1034, 1037.
In light of these principles, we agree with Massie's Appellee Brief p. 5:
"If the words contained in subsection (g) are given their ordinary significance and commonly accepted meaning and are construed in the context of the entire Paternity Act, it becomes clear that subsection (g) is intended to establish a minimum period for which back support must be ordered."
(Emphasis in original.) IC 31-6-6.1-13(g) guarantees a petitioner will receive at least some minimum amount of back support and prevents a court from starting support on the date of the hearing or support order, even if a petitioner has failed to request back support. Back support must be ordered in all paternity actions and must begin at least with the later of the child's birth or the filing of the action. If the legislature had intended to change our state's long history of providing back support for the two years proceeding a paternity action, the legislature could have expressly prohibited such back support.
Odulio suggests the legislature's enactment of IC 31-6-6.1-13(g) was a reaction to our opinion in Farmer. In light of the fact our state legislature met in the early months of 1986,[1] but we did not file our opinion until July 24, 1986, we do not find Odulio's suggestion persuasive. We hold the trial court did not err in awarding back support for the two year period prior to Massie's filing of the paternity petition.

Issue Two
Odulio contends the trial court erred in awarding an amount of support based in part upon the Indiana Child Support Guidelines (Guidelines) because the Guidelines were not developed for use in paternity actions. When we review a child support order in a paternity action, we must determine whether the trial court abused its discretion. We will not reweigh the evidence or substitute our judgment for that of the trial court. Farmer, 495 N.E.2d at 559.
The Guidelines were drafted by the Judicial Administration Committee of the Indiana Judicial Conference and reprinted with permission of the Indiana Judicial Center in an Appendix to IC 31-1-11.5-12, which concerns child support in marriage dissolution situations. At the time of the Dispositional Hearing of April 18, 1989, the Guidelines were merely recommendations from the Board of Directors of the Indiana Judicial Conference for consideration by trial courts and parties trying to determine an appropriate level of child support. However, the Supreme Court of Indiana adopted the Guidelines effective October 1, 1989.
The drafters stated in Section II, Use of the Guidelines, "Further, it is also intended that these guidelines will be used in paternity cases and other child support actions." By its adoption of the Guidelines, the Supreme Court of Indiana has, in fact, directed the Guidelines be used in paternity actions effective October 1, 1989, and has implicitly stamped with approval the use of the Guidelines in paternity actions prior to that date.
The record reflects Massie admitted Exhibits 10, 11 and 12 without objection by Odulio. The exhibits were worksheets from the Guidelines and were completed with Massie's and Odulio's income for 1985, 1986 and 1987.
We do not find the trial court's consideration of the Guidelines in this paternity action to have been an abuse of discretion. The trial court properly considered the Guideline worksheets since the worksheets were admitted into evidence without objection and were factors recommended for the trial court's consideration by the Board of the Indiana Judicial Conference.

Issue Three
Odulio contends the trial court erred by awarding current support of $255.00 per week. Odulio claims the amount of support exceeds the amount he spends raising his children living with him and also exceeds *772 the amount Massie testified she needed to support R.B.T.
IC 31-6-6.1-13 requires trial courts to consider certain factors in paternity actions as follows:
"(a) The court may order either or both parents to pay any reasonable amount for child support after considering all relevant factors, including the following:
(1) The financial resources of the custodial parent.
(2) The standard of living the child would have enjoyed had the parents been married and remained married to each other.
(3) The physical and mental condition of the child and his educational needs.
(4) the financial resources and needs of the noncustodial parent."
In addition, the Guidelines were recommended considerations on April 18, 1989, the date of the court's Dispositional Hearing.
Odulio testified he was spending about One Hundred to One Hundred Two Dollars ($100.00 - $102.00) per week per child for his children living with him. Odulio also testified that because R.B.T. is older than the children residing with Odulio, Odulio would probably spend slightly more than One Hundred Dollars ($100.00) per week on R.B.T.'s support. Massie testified she was spending about One Hundred Dollars ($100.00) per week, and sometimes more, to raise R.B.T. However, she admitted the amount she spent on R.B.T. was limited by her own and her spouse's income. She also testified she could not afford to buy R.B.T. certain clothing, class jewelry or a letterman's jacket.
Thus, the record contains evidence and testimony regarding Massie's financial resources,[2] Odulio's financial resources,[3] and the standard of living R.B.T. would have enjoyed had his parents been married to each other and remained married. The record does not contain evidence that R.B.T. has extraordinary physical, mental or educational needs. As discussed above, the record also contains properly admitted worksheets computing support in accordance with the recommended Guidelines. We hold the trial court did not abuse its discretion when it awarded Two Hundred Fifty-five Dollars ($255.00) per week current child support to Massie for R.B.T. because the award is in line with IC 31-6-6.1-13, the Guidelines and the evidence presented at trial. The trial court did not err in awarding two years back support, in considering the Indiana Child Support Guidelines or in awarding current support of $255.00 per week. We affirm the trial court.
Affirmed.
ROBERTSON and MILLER, JJ., concur.
NOTES
[1] IC 2-2.1-1-3.
[2] Massie's annual income ranged from $2,005.10 to $9,098.00 during the period 1985 to 1987.
[3] Odulio's annual income ranged from $48,000.00 to $144,910 during the period 1985 to 1987.