In the Matter of the **PATERNITY OF L.L.P. by Next Friends.**

Patricia Rae **GONZALEZ and Indiana Department of Public Welfare, Appellants (Petitioners Below),**

v.

Tim Eugene **BERRY, Appellee (Respondent Below).**

**No. 08A04–9004–CV–253.**

Court of Appeals of Indiana, Fourth District.

Feb. 12, 1991.

Robert T. Ives, Pros. Atty., Jeffrey C. Rider, Deputy Pros. Atty., Delphi, for appellants.

Lewis N. Mullin, Delphi, for appellee.

CHEZEM, Judge.

Petitioner/Appellant, L.L.P. by Next Friends Patricia Rae Gonzalez and Indiana Department of Public Welfare (L.L.P.), present one issue for review: Did the trial court err in failing to order Tim Eugene Berry (Berry) to pay child support for the period dating from the filing of the paternity action to the date the support order was entered? We reverse.

Facts

The trial court found Berry to be the father of L.L.P., a child born August 6, 1982 to Patricia Rae Pearson Gonzalez. The trial court ordered him to pay as support, "the amount provided by law as a military allotment for a dependent minor child of a military person of his rank, or in lieu thereof, the sum of Forty and no/100 Dollars ($40.00) per week, first payment due October 26, 1989."

Discussion and Decision

The paternity action was filed March 13, 1987 and the support order entered on October 26, 1989. At the time of the action, Indiana Code 31–6–6.1–13(g) read as follows:

(g) The support order must include the period dating from: (1) the birth of the child; or (2) the filing of the paternity action; whichever event occurs later.
*See Carter By Carter v. Morrow* (1990), Ind.App., 563 N.E.2d 183, 187.

We find that the trial court erred by not complying with the requirements of this statute and remand for proceedings consistent herewith.

Reversed and remanded.

MILLER, P.J., and STATON, J., concur.