In the Matter of the PATERNITY
OF A.D.W.

Scott Allen SMITH, Appellant–
Respondent,

v.

Tracy Lynn BEST, Appellee–
Co–Petitioner.

No. 49A04–9706–JV–235.

Court of Appeals of Indiana.

March 24, 1998.

Elizabeth Gamboa, Richard A. Mann, Indianapolis, for Appellant–Respondent.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Co–Petitioner.

## OPINION

STATON, Judge

Scott Allen Smith ("Father") appeals a child support order made pursuant to a petition to establish paternity filed by Tracy Lynn Best ("Mother") on behalf of her daughter, A.D.W. Father presents two issues which we restate as:

I.   Whether the trial court erred when it awarded retroactive child support from the date the paternity petition was filed.

II.  Whether the trial court erred when it applied the Indiana Child Support Guidelines to determine the amount of retroactive child support.

We affirm.

A.D.W. was conceived in August of 1989 while Mother was single. Two months later, Mother married Donald Wright and, on April 17, 1990, A.D.W. was born. A.D.W.'s birth certificate named Wright as her father. Mother and Wright separated later that year.

On February 23, 1993, Mother petitioned the court to establish A.D.W.'s paternity and to set child support. Mother claimed that either Wright or Father was A.D.W.'s biological father. After Wright's blood tests demonstrated a 0.00% chance that he was the father, the couple divorced in 1995, and the paternity action against Wright was dismissed that same year.

Father claims not to have received notice of this action until October of 1995. Thereafter, based on the results of his blood test, Father admitted paternity. In accordance with the Indiana Child Support Guidelines and an agreement between the parents, the trial court set Father's prospective child support obligation at $58.00. The court also ruled that Father owed $11,774.00 in retroactive child support, an amount calculated by multiplying the weekly award of $58.00 by 203, the number of weeks having elapsed from the filing of Mother's petition. The back support was to be paid in increments of $10.00 per week. Father challenges the order as it pertains to his retroactive child support obligation.

On review of child support orders, we disregard issues of weight and credibility and consider only the evidence and reasonable inferences favorable to the judgment. *Bussert v. Bussert,* 677 N.E.2d 68, 70 (Ind. Ct.App.1997), *trans. denied.* An award of child support in a paternity case will not be reversed unless it is clearly erroneous, that is, if the record contains no facts or inferences to sustain the award. *In re Paternity of Thompson,* 604 N.E.2d 1254, 1257 (Ind.Ct. App.1992), *reh. denied.*

## I.

### *Period of Retroactive Child Support*

Father first contends that the trial court erred by ordering retroactive child support from February 1993, the date Mother filed her petition. Specifically, Father maintains that he should not be required to pay

back support before he became aware of the paternity action in October of 1995. We do not agree.

■ The General Assembly has directed: "The support order may include the period dating from the birth of the child. However, the support order *must* include the period dating from the filing of the paternity action." IND.CODE § 31–6–6.1–13(g) (1993) (emphasis added).[1] An award of retroactive support for the period dating from the later of the two dates, here, the filing of the paternity action, is mandatory. *See Lamon v. Lamon,* 611 N.E.2d 154, 159 (Ind.Ct.App. 1993). Accordingly, in *Matter of Paternity of L.L.P.,* 566 N.E.2d 89 (Ind.Ct.App.1991), this court remanded a child support order because the trial court had failed to comply with the requirements of a similar predecessor statute.[2]

■ It is a father's legal duty to provide for maintenance of his minor children. *See Farmer v. Minor,* 495 N.E.2d 553, 556 (Ind. Ct.App.1986) (citing *Denning v. Star Publishing Co.,* 94 Ind.App. 300, 307–08, 180 N.E. 685, 687 (1932)), *reh. denied, trans. denied.* That duty is not dependent upon a

father's having received notice of the pendency of a paternity action.[3] If it were, putative fathers would be encouraged to evade notice of legitimately initiated court proceedings in order to minimize their ultimate support obligations.

Here, the trial court awarded support retroactive to the date Mother filed her petition to establish paternity. The order comports with the statutory mandate. There is no error.

## II.

### *Amount of Retroactive Child Support*

■ Father next argues that, in determining the appropriate retroactive support award, the trial court impermissibly applied the guidelines which incorporate his current income level, not his income during the period covered by the support order. Again, we disagree.

Indiana Code § 31–6–6.1–13(g) mandates retroactive child support but does not indicate how it should be calculated.[4] Without specifically addressing retroactive child support, Indiana Code § 31–6–6.1–13(a) (1993)

1. Subsection (g) was redesignated as subsection (h) in 1996 and is presently codified at IND.CODE § 31–14–11–5 (Supp.1997). The statute does not repeal Indiana common law which allows a trial court to exercise its discretion to award retroactive support for a period of up to two years prior to the filing of the paternity petition. *See Carter by Carter v. Morrow,* 563 N.E.2d 183, 187 (Ind. Ct.App.1990); *Knaus v. York,* 586 N.E.2d 909, 913 (Ind.Ct.App.1992).

2. At the time we decided *L.L.P.,* the statute read:
   The support order must include the period dating from: (1) the birth of the child; or (2) the filing of the paternity action; whichever event occurs later.
   *L.L.P.,* 566 N.E.2d at 90.

3. Father argues that timely notification of the petition would have permitted him to seek dismissal of the action based upon this court's opinion in *K.S. v. R.S.,* 657 N.E.2d 157 (Ind.Ct.App. 1995) (putative father may not establish paternity of child born during marriage·of child's mother and her husband while their marriage is still intact), *overruled,* 669 N.E.2d 399 (Ind.1996).
   Father's argument is without merit. Even if the facts of the two cases were similar so that *K.S.* would have controlled, our opinion was handed down on November 3, 1995. If Father had received notice of the pending paternity ac-

tion in 1993, he would not have been in a more favorable position to obtain a dismissal under that case. Further, this court's opinion was vacated on February 14, 1996, when our Supreme Court granted the petition to transfer, *see* Ind.Appellate Rule 11(B)(3), and any decision based upon our opinion would likewise have been subject to reversal.

4. Compare TEX.FAM.CODE ANN. § 154.131 (Vernon 1996) which provides:
   (a) The child support guidelines are intended to guide the court in determining the amount of retroactive child support, if any, to be ordered.
   (b) In ordering retroactive child support, the court shall consider the net resources of the obligor during the relevant time period and whether:
   (1) the mother of the child had made any previous attempts to notify the biological father of his paternity or probable paternity;
   (2) the biological father had knowledge of his paternity or probable paternity;
   (3) the order of retroactive child support will impose an undue financial hardship on the obligor or the obligor's family; and
   (4) the obligor has provided actual support or other necessaries before the filing of the action.

directs that a trial court must consider the financial resources of the noncustodial parent.[5] The Indiana Child Support Guidelines are also applicable to paternity actions. Ind. Child Support Guideline 2. Rule 2 provides, "In any proceeding for the award of child support, there shall be a rebuttable presumption that the amount of the award which would result from the application of the Indiana Child Support Guidelines is the correct amount of child support to be awarded." Ind.Child Support Rule 2. The trial court may deviate from the presumptive support award when it concludes that the award reached through application of the guidelines would be unjust or inappropriate. Ind.Child Support Guideline 3(F)(2).

This court has affirmed rulings in which the prospective child support award was used as the basis of a retroactive award. In *Farmer*, 495 N.E.2d at 559, decided before adoption of the state child support rules and guidelines, we stated that the trial court did not err in calculating back support by multiplying the prospective weekly support order by the number of weeks in the past. That same year, we affirmed the denial of a motion to set aside a default judgment against a father who was ordered to pay $50.00 per week as child support, retroactive to the date of the child's birth. *Wilson v. K.W.*, 497 N.E.2d 244 (Ind.Ct.App.1986), *reh. denied, trans. denied*.

Later, we implicitly recognized the validity of using the Indiana Child Support Guidelines to determine back support. *Lamon*, 611 N.E.2d 154. In *Lamon*, the trial court tied the award for retroactive support to its erroneous application of the child support guidelines in determining the weekly support obligation. *Id.* at 159. We remanded with instructions to alter the award of retroactive support in order to conform to the father's prospective weekly support obligation, derived from proper application of the guidelines. *Id.*

In contrast, we have upheld retrospective child support awards which differ from the prospective awards. For example, in *Matter of Paternity of R.B.T.*, 550 N.E.2d 769 (Ind. Ct.App.1990), we affirmed a weekly award of $250.00 current child support and a retroactive award of $100.00. We explained that the predecessor statute "guarantees a petitioner will receive at least some minimum amount of back support" regardless of whether it is requested by the petitioner. *Id.* at 771; *see also Knaus v. York*, 586 N.E.2d 909, 913 (Ind.Ct.App.1992) (lump sum award of $2,000.00 for nine-year retroactive period fell far short of amount derived by application of guidelines).

▬ Our review of the relevant statutes, guidelines and case law persuades us that the guidelines are presumptively applicable in determining the amount of a retroactive child support award. The party seeking deviation from the guidelines must overcome the presumption by showing that application of the guidelines would be unjust or inappropriate. Nevertheless, the guidelines are to be construed in light of the relevant statutes and our common law. *Carter by Carter v. Morrow*, 563 N.E.2d 183, 187 (Ind.Ct.App. 1990); *see Talarico v. Smithson*, 579 N.E.2d 671, 673 (Ind.Ct.App.1991) (trial courts must avoid pitfall of blind adherence to computation for support without giving careful consideration to variables that require flexible application of guidelines). Accordingly, the trial court determines the amount of retroactive support in light of the circumstances of each case and consistent with standards that generally govern child support awards, including the child support guidelines.

Here, Father was required to demonstrate that application of the guidelines was unjust or inappropriate. However, Father did not submit any worksheets for the relevant period of time. Nor did he produce evidence of his or Mother's actual income for that inter-

---

5. Ind.Code § 31–6–6.1–13(a), now codified at Ind. Code § 31–14–11–2 (Supp.1997), requires the trial court to consider all relevant factors, including:

(1) The financial resources of the custodial parent.

(2) The standard of living the child would have enjoyed had the parents been married and remained married to each other.

(3) The physical and mental condition of the child and his educational needs.

(4) The financial resources and needs of the noncustodial parent.

val. Furthermore, at the paternity hearing, Father answered affirmatively when his counsel asked, "And you've had different jobs making as much as you're making now, substantially less, or somewhat more, is that correct?" Record at 106. Considering the evidence favorable to the judgment, it is conceivable that Father's earned income did not dramatically change from 1993 to 1997. Consequently, Father fell short of meeting his burden of overcoming the presumption.

The trial court applied the guidelines to calculate the retroactive support award, and in the exercise of its discretion it ameliorated Father's back support burden by ordering that the support be paid in weekly installments of $10.00.[6] The court's decision is not erroneous.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

**6.** Recognizing the time value of money, we observe that the present value of the $10.00 weekly installments is substantially less than $11,774.00.