In the Matter of the Paternity of C.A.M., a Child Born Out of Wedlock, by Next Friend, Sarah ROBLES, Appellant–Petitioner,

v.

Bart A. MINER, Appellee–Respondent.

No. 90A02–0505–JV–418.

Court of Appeals of Indiana.

Oct. 18, 2005.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, for Appellant.

Roy R. Johnson, Edris, Brown, Johnson, Antrim & Brown–Stohler, LLP, Bluffton, Randall L. Morgan, Snyder, Birch, Cornwell & Morgan, LLP, Syracuse, IN, for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

C.A.M., by next friend Sarah Robles, appeals the trial court's order partially granting Bart A. Miner's amended motion to correct error. Miner cross-appeals.

We reverse and remand.

---

1. Miner cross-appeals, raising the following issues: (1) whether the trial court erred in basing its award of retroactive child support on Miner's current income level where no evidence of his past income was presented; and (2) whether the trial court erred in denying Miner credit for amounts previously paid

### ISSUES

C.A.M. raises the following issue:

Whether the trial court erred in ordering Miner to pay retroactive child support from the date two years prior to the filing of the petition to establish paternity.[1]

### FACTS

C.A.M. was born on September 13, 1998 to Robles, who was unmarried at the time of C.A.M.'s birth. On May 20, 2004, Robles, as next friend of C.A.M., filed a petition to establish paternity, alleging Miner to be C.A.M.'s biological father and requesting child support. On September 30, 2004, the trial court entered an order, finding Miner to be C.A.M.'s biological father and setting an evidentiary hearing to determine custody, visitation, and child support.

The trial court held the hearing on October 25, 2004, during which neither Robles nor Miner was represented by counsel. The State, by the Wells County Prosecuting Attorney's Office, appeared on behalf of C.A.M. Testimony elicited during the hearing revealed that Miner had maintained a relationship with C.A.M., including overnight visitation once a week, since C.A.M.'s birth. Miner testified that he had provided health and dental insurance for C.A.M. During final statements, Miner informed the trial court that he had been paying Robles one hundred thirty-five dollars ($135.00) per week since November of 2002 and had been paying for C.A.M.'s daycare.

to Robles. Because we remand to the trial court for a new evidentiary hearing, we shall not address these issues here. Rather, a new hearing shall provide Miner the opportunity to present evidence of his income and amounts previously paid, if any.

On October 29, 2004, the trial court entered its order, which stated in pertinent part:

1. The biological mother, [Robles], is awarded the care, custody and control of the minor child, [C.A.M.];

2. [Miner] is granted visitation with the minor child on all reasonable and proper occassions [sic];

3. [Miner] shall pay to the Clerk of the Wells Circuit Court for the support [of] the minor child, [C.A.M.], the sum of $138.00 per week effective the first Friday following September 13, 1998, and payable every Friday thereafter until further order of the Court. [Miner] shall receive credit for payments made from September 13, 1998 to October 25, 2004 directly to [Robles] and the daycare provider.

. . . .

(App.5).

On November 10, 2004, Miner, by counsel, filed a motion to correct error, asserting the following errors:

1. On October 29, 2004, this Court issued an order awarding to the biological mother the care, custody and control of the minor child of the parties.

2. [Miner] was granted visitation with the minor child "on all reasonable and proper occasions" rather than consistently with the Indiana Shared Parenting Time Guidelines, despite the fact that the Court employed the child support guidelines in determining the child support obligation in this case.

3. In applying the Indiana Child Support Guidelines to this case, the Court committed error by attributing income earned by [Miner] in 2003 to a child support obligation being back dated to Friday, September 13, 1998. The Court received no evidence regarding [Miner's] earning ability during the years 1998 to 2003.

4. The Court further ordered that [Miner] "shall receive credit for payments made from September 13, 1998, to October 25, 2004, directly to the biological mother and daycare provider" but made no determination of the amount of those payments, making it impossible to determine what arrearage, if any, [Miner] currently has.

(App.11). The trial court set a hearing on the motion to correct error for January 27, 2005. Miner filed a motion for continuance on January 24, 2005, which the trial court granted. The trial court reset the hearing for March 17, 2005.

On March 2, 2004, Miner filed an amended motion to correct error, asserting that the trial court erred when it ordered support retroactive to September 13, 1998, "a date more than two years prior to the filing of the petition to establish paternity, and therefore contrary to Indiana case law." (App.18). Miner also filed a memorandum in support thereof.

The trial court held a hearing on the amended motion to correct error on March 17, 2005. On March 21, 2005, the trial court entered its order, which provided in pertinent part:

2. [Miner's] Amended Motion to Correct Error is denied as to paragraphs 3 and 4 regarding evidence of [Miner's] earning ability and regarding credits for payments made by [Miner] directly to the biological mother;

3. [Miner's] Amended Motion to Correct Error is granted as to paragraph number 5, and the Court finds that in a paternity action brought in the name of the minor child, the Court may not make [Miner's] retroactive child support obligation exceed two (2) years from the date of the filing of the Petition to Establish Paternity. Therefore, in this

case [Miner's] child support obligation is changed to be effective May 20, 2002, which is two (2) years prior to the date the Petition to Establish Paternity was filed.

(App.4).

On behalf of C.A.M., the Wells County Prosecuting Attorney's Office filed a notice of appeal. Miner cross-appeals pursuant to Indiana Appellate Rule 9(D).

### DECISION

The State challenges the trial court's partial granting of Miner's amended motion to correct error. The State asserts that the trial court erred in considering Miner's amended motion to correct error as it was filed untimely, and subsequently, erred in finding that it could not order Miner to pay retroactive child support from the date of C.A.M.'s birth as it preceded the date of the filing of the petition to establish paternity by more than two years.

■ Indiana Trial Rule 59 provides in pertinent part:

(A) A Motion to Correct Error is not a prerequisite for appeal, except when a party seeks to address:

(1) Newly discovered material evidence, including alleged jury misconduct, capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial; or

(2) A claim that a jury verdict is excessive or inadequate.

All other issues and grounds for appeal appropriately preserved during trial may be initially addressed in the appellate brief.

. . . .

---

**2.** We note, however, that "at least up to and including the ruling on a motion to correct error, the trial court is permitted to alter,

(C) The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment or an appealable final order.

The trial court has no jurisdiction to accept amendments or supplements after the time period for filing a motion to correct error has elapsed. *See Wilson v. K.W.*, 497 N.E.2d 244, 247 n. 1 (Ind.Ct.App.1986) (discussing Indiana Trial Rule 59(C) prior to amendment shortening time for filing from sixty to thirty days), *reh'g denied, trans. denied; In re Adoption of H.S.*, 483 N.E.2d 777, 780 (Ind.Ct.App.1985) (finding trial court lacks jurisdiction to accept amendments or supplements after time limit has elapsed), *reh'g denied.*

■ In this case, Miner filed his amended motion to correct error one hundred twenty-four (124) days after the entry of the trial court's order. The trial court, therefore, had no jurisdiction to accept the amended motion to correct error.[2]

Citing *Marsh v. Dixon*, 707 N.E.2d 998 (Ind.Ct.App.1999), *trans. denied*, Miner argues that even if he untimely filed the amendment, he may still raise the issue on appeal. In *Marsh*, we found that a party does not waive his right to appeal an issue by omitting the same from his motion to correct error as long as such issue neither addressed newly discovered evidence nor an excessive or inadequate jury verdict. 707 N.E.2d at 1000; *see* T.R. 59(A).

■ In this case, Miner's issue regarding retroactive child support does not fall within the purviews of Trial Rule 59(A). Miner, however, failed to object to the award of retroactive child support at the evidentiary hearing. Thus, Miner has not properly preserved the issue for appeal.

---

amend or modify its judgment without limitation." *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind.Ct.App.1998); *see* T.R. 52(B).

*See Marsh,* 707 N.E.2d at 1000. Waiver notwithstanding, Miner's claim that, as a matter of law, retroactive child support shall be limited to two years fails.

██ The statute controlling retroactive child support previously provided: "the support order must include the period dating from: (1) the birth of the child; or (2) the filing of the paternity action, *whichever event occurs later.*" I.C. § 31–6–6.1–13(g) (presently codified at I.C. § 31–14–11–5) (emphasis added). Previous decisions from this Court held that "this statute did not repeal the Indiana common law allowing trial courts to order back support for a period up to two years prior to the filing of the paternity action." *Carter by Carter v. Morrow,* 563 N.E.2d 183, 187 (Ind.Ct.App. 1990) (referring to *Matter of Paternity of R.B.T.,* 550 N.E.2d 769 (Ind.Ct.App.1990); *In re Paternity of Bratcher,* 551 N.E.2d 1160 (Ind.Ct.App.1990); and *Farmer v. Minor,* 495 N.E.2d 553 (Ind.Ct.App.1986), *reh'g denied, trans. denied* ). In *Carter,* however, we held that rather than *requiring* trial courts to award retroactive child support beyond that mandated by statute, Indiana Code section 31–6–6.1–13(g) provided "*a minimum* amount of back support which *must* be awarded . . . ." *Carter,* 563 N.E.2d at 187 (emphasis added); *see also R.B.T.,* 550 N.E.2d at 771 (agreeing that subsection (g) established a minimum period for which retroactive child support must be ordered).

The statute now controlling retroactive child support provides:

The support order:

(1) may include the period dating from the birth of the child; and

(2) must include the period dating from the filing of the paternity action.

I.C. § 31–14–11–5 (1997).

Statutory interpretation is a matter of law to be determined de novo by this court. *Pendleton v. Aguilar,* 827 N.E.2d 614, 619 (Ind.Ct.App.2005), *reh'g denied.* We shall construe and interpret a statute only if it is ambiguous. *Id.* "A statute that is clear and unambiguous must be read to mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted." *Indiana Mun. Power Agency v. Town of Edinburgh,* 769 N.E.2d 222, 226 (Ind.Ct.App.2002). "The words and phrases of such a statute shall be taken in their plain, ordinary, and usual sense." *Id.*

Indiana Code section 31–14–11–5 provides that the trial court *may* award retroactive child support from the date of the child's birth. We previously have held that the word "may" in a statute normally implies a permissive condition. *City of Tell City v. Noble,* 489 N.E.2d 958, 961 (Ind.Ct.App.1986), *trans. denied.*

Thus, the trial court is not *required* to award retroactive child support from a date prior to the filing of the paternity action. Rather, such an award is discretionary. Accordingly, we find that the trial court could, in its discretion, award child support effective from the date of C.A.M.'s birth. Given this holding, we reverse the trial court's order dated March 21, 2005, and remand for a new evidentiary hearing, after which the trial court may determine the period of time the retroactive child support shall encompass.

Reversed and remanded.

SHARPNACK, J., and BAILEY, J., concur.