## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 19 2020, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Benjamin J. Church
Valerie Church
Church Law Office
Monticello, Indiana

ATTORNEY FOR APPELLEE

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Thielen, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Amy Smith, <br> *Appellee-Respondent* | August 19, 2020 <br><br> Court of Appeals Case No. <br> 20A-JP-601 <br><br> Appeal from the Tippecanoe <br> Circuit Court <br><br> The Honorable Sean M. Persin, <br> Judge <br><br> Trial Court Cause No. <br> 79C01-1906-JP-35 |

**Crone, Judge.**

## Case Summary

[1] Christopher Thielen (Father) appeals the trial court's order establishing paternity, parenting time, and other matters, arguing that the trial court's

determination of his child support arrearage violates Indiana Code Section 31-14-11-5. He asserts that Section 31-14-11-5 authorizes the trial court to order child support retroactive to either one of two dates: the date the paternity petition was filed or, at the trial court's discretion, the date of the child's birth. He argues that the trial court abused its discretion by ordering him to pay child support retroactive to a date between those two dates. We disagree with Father's characterization of the trial court's child support determination. We conclude that the trial court's calculation of his child support arrearage includes the period dating to the births of his children, which was within its discretion pursuant to Section 31-14-11-5. Therefore, we affirm.

## Facts and Procedural History

Father and Amy Smith (Mother) maintained a long-term intimate relationship but never married. They had three children born in 2005, 2009, and 2012. Father executed a paternity affidavit for each child when they were born. Mother and Father ended their relationship in 2014.[1] Although the parties do not provide any specifics in their briefs, it appears that Father and Mother continued to share parenting responsibilities, and Father provided financial support to Mother until 2019.[2] Tr. Vol. 2 at 19, 27.

---

[1] The record is vague as to when their relationship ended. In January 2020, Father testified that their relationship ended six years prior. Tr. Vol. 2 at 10.

[2] The parties' failure to provide more details in their briefs about the financial arrangement hindered our review.

[3]     On June 26, 2019, Father filed a petition for custody, support, and other matters. By the time a hearing on the petition was held on January 8, 2020, Father and Mother had reached a partial agreement; they agreed to joint legal and physical custody and to a parenting time schedule. They also agreed, pursuant to a child support obligation worksheet submitted at the hearing, that Father's child support obligation was $230 per week. Father asked that his support obligation be retroactive to June 26, 2019, the date his petition was filed. Mother testified that before 2019, Father had been providing her with weekly child support of $305.00. *Id*. at 22-23. Because Father had paid support prior to 2019, she was not asking for financial support before 2019. *Id*. at 24. However, Mother testified that beginning in 2019, Father had not provided the financial support they had previously agreed on. *Id*. at 23.

[4]     The trial court issued an order, which provides as follows:

> 2. Mother and Father shall have joint legal and physical custody of their minor children. For purposes of holiday parenting time and determining who pays controlled expenses[3] (Support Guidelines, Guideline 6), the Father shall be considered the custodial parent and shall pay controlled expenses beginning Friday January 10, 2020. ….

---

[3] The commentary to Indiana Child Support Guideline 6 explains that controlled expenses

> are items like clothing, education, school books and supplies, ordinary uninsured health care and personal care. For example, the custodial parent buys a winter coat for the child. The noncustodial parent will not buy another one. …. The parenting time credit is based on the more time the parents share, the more expenses are duplicated and transferred. The controlled expenses are not shared and remain with the parent that does not get the parenting time credit. Controlled expenses are generally not a consideration unless there is equal parenting time.

….

4. Father's child support obligation shall be $230.00 per week commencing Friday January 10, 2020 pursuant to an Income Withholding Order. Said support is consistent with the Indiana Children Support Guidelines. ….

5. The Court finds the Father paid voluntary support prior to 2019 and has satisfied his duty of support for years prior to 2019. The parties agree that during 2019 Father has made direct payments of child support to the Mother in the amount of $7,470.00 to and including Friday January 3, 2020. The Court has ruled that for 2019 and until January 3, 2020 when the [F]ather assumes controlled expenses, that the [F]ather's support should be calculated at $282.00 per week. Accordingly, the Father is in arrears in his child support obligation in the amount of $7,476.00 (53 weeks x $282 less $7,470 credit) as of Friday, January 3, 2020. Father shall repay the balance of the arrears to the Clerk of Tippecanoe County within thirty (30) days of acceptance of this Agreed Order.

Appealed Order at 1-2. This appeal ensued.

## Discussion and Decision

Father argues that the trial court abused its discretion by determining that he owed child support for a time period beginning on a date prior to June 26, 2019, when he filed his petition. When dealing with family law matters, appellate review is conducted with "'a preference for granting latitude and deference to our trial judges.'" *Kicken v. Kicken*, 798 N.E.2d 529, 532 (Ind. Ct. App. 2003) (quoting *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993)).

> A trial court's decision regarding child support will be upheld unless the trial court has abused its discretion. A trial court abuses its discretion when its decision is clearly against the logic and the effect of the facts and circumstances before the court or if the court has misinterpreted the law.

*Sexton v. Sedlak*, 946 N.E.2d 1177, 1183 (Ind. Ct. App. 2011), *trans. denied*.

[6] Father's sole challenge to the trial court's determination of his child support arrearage is that it does not comply with Indiana Code Section 31-14-11-5, which provides that in a paternity action,

> The support order:
>
> (1) may include the period dating from the birth of the child; and
>
> (2) must include the period dating from the filing of the paternity action.

Father claims that under the plain language of the statute, a trial court is required to calculate child support beginning from the date of the filing of a paternity petition and may in its discretion calculate child support from the child's birthdate, but the statute does not authorize a trial court to calculate child support beginning from a date between those two dates. He claims that the trial court was required to calculate his child support obligation from the date he filed his petition, June 26, 2019, and that the trial court would have been within its discretion to calculate his child support obligation from the dates of the children's births. According to Father, the trial court did not use any of

these dates but used January 2019 as the effective retroactive date to calculate his child support arrearage.  We disagree.

[7]     The trial court found that "Father paid voluntary support prior to 2019 and satisfied his duty of support for years prior to 2019."  Appealed Order at 2. Thus, the trial court calculated Father's child support obligation for the period dating from the children's births.  This was clearly within the trial court's discretion.  *See Boone v. Boone*, 924 N.E.2d 649, 654 (Ind. Ct. App. 2010) (noting that under common law duty of support and Section 31-14-11-5, "our courts may not only impose a child support obligation, but may also make that obligation retroactive, commencing even before the date of the establishment of paternity, all the way back to and including the date of the birth of the child.") (citing *In re Paternity of McGuire-Byers*, 892 N.E.2d 187, 191-92 (Ind. Ct. App. 2008), *trans. denied*); *C.A.M. ex rel. Robles v. Miner*, 835 N.E.2d 602, 606 (Ind. Ct. App. 2005) ("[T]he trial court is not required to award retroactive child support from a date prior to the filing of the paternity action. Rather, such an award is discretionary.").  The trial court then found that Father paid $7470 in child support for 2019, but that based on a weekly support obligation of $282, he had not entirely satisfied his support obligation for that year.  Father does not challenge a weekly support obligation of $282 from January 2019 to January 3, 2020.  Concluding that the trial court did not abuse its discretion in determining Father's child support arrearage, we affirm.

Affirmed.

Robb, J., and Brown, J., concur.